*366 OPINION OF THE COURT
Lawrence E. Kahn, J.
The above-captioned action seeks declaratory relief with respect to an agreement dated April 1, 1984 between the Department of Environmental Conservation (DEC) and the New York State Olympic Regional Development Authority (ORDA). Plaintiff seeks a judgment vacating the agreement and restraining any acts in furtherance thereof. Defendants have cross-moved for an order dismissing the complaint upon the grounds that it has not been timely commenced, that it is barred by the doctrine of loches, that it fails to state a cause of action and that defendant, Mario M. Cuomo, as Governor of the State of New York, is improperly named as a defendant.
The complaint alleges that the plaintiff is a citizen and taxpayer of this State and derives standing to commence the action from State Finance Law article 7-A, which “grants standing to citizen taxpayers to commence an action for equitable or declaratory relief against an officer or employee who is or is about to cause a wrongful expenditure or disbursement of State funds or property” (Matter of Sierra Club v Palisades Interstate Park Commn., 99 AD2d 548, 550). ORDA is a public benefit corporation created by Public Authorities Law, article 8, title 28. Pursuant to Laws of 1984 (ch 99, § 4), ORDA was directed by the Legislature to. enter into an agreement with DEC “to operate, maintain and manage the Gore Mountain ski center located in the town of Johnsburg, county of Warren, state of New York.” All of the powers previously afforded ORDA by statute were specifically made applicable in connection with its operation and management of the Gore Mountain Ski Center (Center).
Initially, the cross motion to dismiss the complaint as barred by the Statute of Limitations or by loches shall be denied. Contrary to defendants’ assertions, this action is governed by a six-year, rather than a four-month Statute of Limitations. The case of New York Public Interest Research Groups v Levitt (62 AD2d 1074) is dispositive of this issue. Therein, the six-year Statute of Limitations was found to be applicable to a declaratory judgment action vis-á-vis the “South Mall agreement” between the State of New York, the County of Albany, and the City of Albany. Therein, as here, the action sought declarative and injunctive relief premised upon certain constitutional prohibitions which purportedly invalidated the agreement. Here, similar remedies are sought, also premised upon alleged constitutional infirmities, and, as such, a six-year Statute of Limitations is applicable. Likewise, the litigation is not prohibited by *367 the doctrine of loches. To be so barred, the moving party must establish that any delay was significant and prejudicial to it (Weiss v Mayflower Doughnut Corp., 1 NY2d 310, 318). Here, there has been no significant delay which has prejudiced defendants in any manner. Litigation with respect to the challenged agreement was commenced shortly after its inception. The courts have dealt with the question of venue, and the Appellate Division of this department has, by order entered on or about June 7, 1984, specifically granted plaintiff permission to commence this proceeding. Thus, defendants have ample notice of the challenge and cannot be heard to assert any feigned surprise by receipt of process on or about October 24, 1984.
Defendants’ cross motion to dismiss the complaint for failure to state a cause of action must also be denied. In determining such motions, the issue is “whether or not, on its face, the complaint [is] sufficient and plaintiffs must be given the benefit of every possible favorable inference” (Kahn v Friedlander, 90 AD2d 868, 869). The test is whether the pleading gives notice of the transactions relied upon by plaintiff, and whether sufficient material elements of the cause of action have been asserted (Jerry v Borden Co., 45 AD2d 344). The plaintiff’s complaint validly asserts a cause of action challenging whether the agreement of April 1,1984 violates NY Constitution, article XIV, § 1. As such, a motion pursuant to CPLR 3211 (a) (7) does not lie.
Article XIV, § 1 of our State Constitution is known as the “forever wild” provision. It provides that State lands which are part of the forest preserve “shall be forever kept as wild forest lands. They shall not be leased, sold or exchanged, or be taken by any corporation, public or private, nor shall the timber thereon be sold, removed or destroyed.” Subsequent to its original enactment, an amendment was adopted which authorized the construction and maintenance of a ski center and trails on Gore Mountain. During the period preceding this constitutional amendment, it was determined that “the State will not be able to permit others, whether corporations or individuals, except as agents of the State, to operate the facilities” (1947 Opns Atty Gen 171, 173). Thus, it is clear that a lease or transfer of the facilities at Gore Mountain is constitutionally prohibited.
This action seeks no declaration with respect to the statute authorizing DEC and ORDA to enter into an agreement concerning the management of the Center. There is nothing contained therein which could result in a declaration of unconstitutionality. Indeed, the statute is presumptively constitutional *368 (Galaxy Rental Serv. v State of New York, 108 Misc 2d. 237, 240). Rather, plaintiff asserts that it is the April 1, 1984 agreement which runs afoul of the Constitution in that it constitutes a lease of State lands in contravention of article XIV.
In determining whether the challenged document is a lease or an agency agreement, the court must start with the principle that ORDA, “[although created by the State and subject to dissolution by the State, [is] independent and autonomous, deliberately designed to be able to function with a freedom and flexibility not permitted to an ordinary State board, department or commission” (Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth., 5 NY2d 420, 423). However, this independency, in and of itself, does not resolve the issue of agency. “Agency is a fiduciary relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act” (Smirlock Realty Corp. v Title Guar. Co., 70 AD2d 455,464). The basic tenant of a principal-agent relationship is the principal’s retaining of control over the conduct of the agent concerning matters entrusted to him. “There is no agency relationship where the alleged principal has no right of control over the alleged agent.” (2 NY Jur 2d, Agency, § 2, at 472.) Defendants’ second affirmative defense asserts that it is acting as an agent of the State in the performance of its management functions pursuant to the April 1, 1984 agreement. A review of that agreement supports this assertion. The agreement establishes a mutual agreement whereby ORDA has consented to act on behalf of the Department in managing the Center. However, the Department has not relinquished control in that no part of the facility or any personal property or equipment may be removed or sold without consent of the Department. The agreement also retains the Departmént’s right to conduct inspections, announced or unannounced, at its sole discretion. This right is completely at odds with the concept of a leasehold estate. No capital improvements may be made to the facilities without approval of the Department. The agreement provides that ORDA, in its management capacity, shall be held harmless from any liability for any and all claims, causes of action, demands, costs or judgment of whatever nature arising from or in connection with the agreement. Finally, the provisions for termination recognize that either party may abrogate the agreement upon the happening of specified events, thereby reaffirming the requirement of mutual consent during the tenure of the principal-agent reía-. tionship.
*369 The vigilance of plaintiff to seek judicial resolution of questions concerning the “forever wild” provisions of our Constitution is essential to its continual perpetuation. A concerned, active citizenry is the best method to insure allegiance to this constitutional mandate that State forest lands be preserved for future generations. However, upon the submissions before the court, it has not been demonstrated that the April 1, 1984 agreement constitutes a lease, sale or exchange of the lands and pertinent facilities known as the Gore Mountain Ski Center.
The motion to dismiss this action as barred by the Statute of Limitations shall be denied. The motion for an order dismissing the complaint as barred by the doctrine of loches shall be denied. The motion for an order dismissing the complaint as failing to state a cause of action shall be denied. The agreement dated the first day of April 1984, between the Department of Environmental Conservation and the New York State Olympic Regional Development Authority, shall be declared lawful, constitutional and valid.