Orville A. Slutzky, Appellant, v Mario M. Cuomo, as Governor of the State of New York, et al., Respondents.

Third Department, February 6, 1986

### APPEARANCES OF COUNSEL

*Walter J. Heffernan (Larry F. Gardner* of counsel), for appellant.

*Robert Abrams, Attorney-General (Lawrence A. Rappoport* of counsel), for respondents.

### OPINION OF THE COURT

LEVINE, J.

The instant action concerns an agreement regarding the operation and management of the Gore Mountain Ski Center (Gore), which is located in Warren County and consists of lands owned by the State which are a part of the Adirondack Park Forest Preserve *(see,* ECL 9-0101 [1]). The NY Constitution, article XIV, § 1, mandates that such lands "shall be forever kept as wild forest lands. They shall not be leased, sold or exchanged, or be taken by any corporation, public or private". The same clause also provides that "[n]othing herein contained shall prevent the state from constructing, completing and maintaining * * * ski trails * * * on the slopes of Gore". In 1970, the Legislature established the Department of Environmental Conservation (DEC) (L 1970, ch 140) and vested it with the power to administer Gore *(see,* ECL 9-0903 [1]). In 1981, defendant State Olympic Regional Development Authority (ORDA) was created as a public benefit corporation with the authority to enter into contracts to maintain and manage State-owned and other Olympic facilities (Public Authorities Law § 2606). Thereafter, the Legislature mandated that DEC and ORDA enter into an agreement transferring to ORDA DEC's authority to operate the facility at Gore (Public Authorities Law § 2614 [3]).

Plaintiff commenced the instant suit pursuant to State Finance Law article 7-A, seeking a declaration as to the legality of the agreement which was subsequently entered into by DEC and ORDA and an injunction restraining DEC, ORDA and defendant Mario Cuomo, as Governor of New York, from taking any action in furtherance of that agreement. Plaintiff alleged that the agreement violated NY Constitution, article

XIV, § 1 in that it constituted a lease of State lands and improperly delegated State authority to operate Gore to ORDA, an entity which was not a State agency. Special Term determined that the agreement was not a lease, that ORDA was a State agency for the purposes of NY Constitution, article XIV, § 1, and that the agreement was otherwise lawful and constitutional (128 Misc 2d 365). This appeal by plaintiff ensued.

Special Term was correct in upholding the validity of the agreement. Plaintiff's claim that the subject agreement constitutes a lease is without merit. Whether an agreement regarding the use of real property constitutes a lease depends upon the degree of transfer of control and possession for a specified rental *(Feder v Caliguira,* 8 NY2d 400, 404; *Matter of Riverview Apts. Co. v Golos,* 97 AD2d 917, 918, *lv dismissed* 62 NY2d 976). The agreement under review narrowly restricts ORDA's dominion over the property. In its management of Gore, ORDA is required to (1) maintain, at a minimum, the space, activities and level of public recreation which were previously provided by DEC; (2) provide the staff necessary for undertaking the completion of a unit management plan for the facility, in conformance with Executive Law § 816, the Adirondack Park State Land Master Plan, and DEC's "Unit Management Planning Policy and Procedures Manual"; (3) honor DEC's prior agreements concerning Gore; (4) obtain DEC's approval prior to making any capital improvements; and (5) undertake repairs requested by DEC at the State's expense. Additionally, DEC retains the right to use and reconstruct the radio tower on Gore and remains liable for all claims arising from the use of the premises and property. DEC also retains the right to enter the property without notice at any time. Accordingly, the agreement "delegates insufficient dominion and control" to ORDA to be constituted a lease *(Matter of Riverview Apts. Co. v Golos, supra,* p 918). In purpose and effect, it is nothing more than an operating agreement concerning the facility. Moreover, the reciprocal financial obligations of DEC and ORDA under the agreement cannot properly be viewed as representing rent *(see, Feder v Caliguira, supra,* p 406).

We are similarly unpersuaded by plaintiff's remaining contentions. The State may properly delegate its authority concerning skiing facilities under NY Constitution, article XIV, § 1 to a State agency *(see, Helms v Reid,* 90 Misc 2d 583, 599). Whether ORDA may be considered a State agency for the purposes of NY Constitution, article XIV, § 1 requires a partic-

ularized inquiry into the nature of ORDA and the provision of law claimed to be applicable to it *(see, Grace & Co. v State Univ. Constr. Fund,* 44 NY2d 84, 88; *MacFarland-Breakell Bldg. Corp. v New York State Thruway Auth.,* 104 AD2d 139, 141).* An examination of the statutes creating ORDA and vesting it with the authority to operate Gore demonstrates that the Legislature has "imbue[d] [ORDA] with such a degree of identity as to be considered an integral part of the State qua State" *(Grace & Co. v State Univ. Constr. Fund, supra,* p 88). That statutory scheme was carefully drafted to delegate to ORDA many of the statutory responsibilities uniquely applicable to the State. ORDA is designated as a State agency for the purposes of Public Officers Law §§ 73 and 74, which define the business and professional activities and code of ethics for State officers and employees of State agencies *(see,* Public Authorities Law § 2608 [5]). The provisions of State Finance Law §§ 135 and 144 concerning competitive bidding on an itemized basis for State construction contracts must be adhered to by ORDA (Public Authorities Law § 2620; *cf. Grace & Co. v State Univ. Constr. Fund, supra; MacFarland-Breakell Bldg. Corp. v New York State Thruway Auth., supra).* Additionally, Public Officers Law § 17, regarding the indemnification of State officers and employees who are sued, is made applicable to ORDA officials and employees (Public Authorities Law § 2623). ORDA is a tax-exempt entity (Public Authorities Law §§ 2618, 2624). Employees of DEC who are transferred to ORDA retain their civil service status and ORDA must make contributions to their pension or retirement funds (Public Authorities Law § 2629). The functions which ORDA is obliged to perform under the agreement with DEC are precisely the same as those which the State is permitted to undertake at Gore pursuant to the State Constitution *(see,* ECL 9-0903; Public Authorities Law § 2606). Thus, ORDA, for the purposes under review, must be considered an agency of the State since there is not "an explicit signification of separateness and distinction between" the duties conferred upon "the State of New York, its boards, agencies, departments and commissions" and those of ORDA *(Grace & Co. v State Univ. Constr. Fund, supra,* p 89).

For the foregoing reasons, Special Term's order and judgment should be affirmed.

MAHONEY, P. J., KANE, CASEY and WEISS, JJ., concur.

Order and judgment affirmed, without costs.