JOI CIPRIANO, Respondent, v STATE OF NEW YORK, Defendant, and NEW YORK STATE THRUWAY AUTHORITY, Appellant. (Claim No. 73834.)

Third Department, October 17, 1991

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Vernon Stuart* and *Peter J. Dooley* of counsel), for appellant.

*Levine & Grossman (Michael B. Grossman* of counsel), for respondent.

### OPINION OF THE COURT

MIKOLL, J.

It was disclosed at trial that claimant was injured when the automobile in which she was a front-seat passenger went off the northbound lane of the Thruway at milepost marker 99.9 in the Town of Saugerties, Ulster County. Because the driver fell asleep at the wheel and claimant, along with the other passengers in the car, were also asleep, no eyewitnesses to the accident were available. The accident was reconstructed by testimony of several witnesses who testified to the physical evidence at the scene. The Court of Claims accepted the testimony of State Trooper Peggy Casey as to the physical evidence at the scene with which findings we concur. Casey testified that the accident occurred on a four-lane highway paved with concrete, two lanes northbound and two lanes southbound, each 12 feet wide, separated by a grass median, with a speed limit of 55 miles per hour. The macadam shoulder of the road was 10 feet wide. Since 1981, when the road was rehabilitated, a 325-foot-long corrugated-beam guiderail was installed, 125 feet of which was south of a box culvert and 200 feet thereof north of and beyond the culvert.

As the vehicle in which claimant was a passenger approached the accident site going north, to the east of the shoulder there was a shallow drainage ditch running along

the east side of the highway, with a cut slope on the eastern side thereof. The cut slope and the embankment slope formed a shallow trough leading down toward a brook to an area some distance east of the concrete box culvert which was supported by wall wings. The culvert ran east to west. It had been constructed to channel the brook running under the Thruway. At the east end of the concrete box culvert was a body of water.

Casey indicated that the car passed over the flat part of the beginning of the guiderail which was imbedded in the ground and then passed over the right shoulder, traveling between the guiderail and the edge of the embankment. It hit the top of the culvert, became airborne, landed and traveled another 50 feet forward.

It was claimant's contention that if the guiderail had been longer, the car would not have left the roadway but would have been redirected back to it and that the absence of a longer guiderail was the proximate cause of the accident.

Claimant's expert testified that in his opinion the accident would not have happened if the guiderail had been extended southward at least 25 feet. He opined that an extension of the guiderail was required by the guidelines of the Department of Transportation. He concluded that the body of water located at the east end of the culvert was a hazard which required the construction of longer guiderails at the scene. The opinion of the State Thruway Authority's* expert was that the guiderail in the area was in accordance with the design and specifications applicable at the time of the accident. He also testified that the body of water east of the culvert did not constitute a water hazard as defined by the Department guidelines requiring a longer guiderail.

The Court of Claims held that the guiderail protected the culvert and its wingwalls in accordance with the Department guidelines. It ruled that the State was nonetheless negligent in not installing a longer guiderail which would have protected claimant from danger posed by the body of water. The court's ruling, in pertinent part, included the following observation: "Logically then, claimant was not within the zone of harm contemplated by the duty to protect against the body of water and the failure to further extend the guiderail breached no duty owed to her." The court, however, imposed a duty on

---

* Although suit was commenced against the State itself as well as the Authority, the claim was dismissed against the State.

the Authority since claimant "[a]s a lawful user of the Thruway * * * was the subject of a general duty that reasonable care be exercised for her safety" and to impose "liability here would advance the public purpose of maintaining the safety of public highways". A judgment was entered in claimant's favor imposing liability on the Authority. The instant appeal ensued.

The issues to be resolved herein are whether the Court of Claims properly found the Authority negligent and whether the absence of a longer guiderail was a proximate cause of the accident. While we defer to the Court of Claims assessment of the evidence based on its superior advantage in assessing evidence and the credibility of witnesses (see, Cordts v State of New York, 125 AD2d 746, 749-750), we are not foreclosed from granting the judgment warranted by a reasonable assessment of the evidence (see, Kissinger v State of New York, 126 AD2d 139, 141).

For claimant to recover, she was required to establish by a preponderance of credible evidence that the Authority did not reasonably construct or maintain the subject highway and that its failure to do so was the proximate cause of claimant's injuries and the damages sustained by claimant. The Authority was required to maintain its roads and highways in a reasonably safe condition (see, Friedman v State of New York, 67 NY2d 271, 283). Liability for injury arising out of the operation of a duly executed highway safety plan may only be predicated on proof that the plan either evolved without adequate study or lacked a reasonable basis (Weiss v Fote, 7 NY2d 579). In the field of traffic design engineering, the State is accorded a qualified immunity from liability arising out of a highway planning decision (Friedman v State of New York, supra, at 283).

■ Here, the Court of Claims found that the Department guidelines did not require placement of a longer guiderail under the circumstances to protect others from the fixed objects in the area, that is, the culvert and its wingwalls. On cross-examination one of claimant's witnesses basically conceded this fact as well. The Court of Claims concluded, however, that a longer guiderail was indicated based on the Department guidelines which require that where there exists a body of water which is over two feet in depth, this constitutes a roadside hazard requiring a 350-foot protective rail.

The record is clear that the water level of the body of water involved never averaged two feet nor was it normally more than two feet. Experts for claimant and the Authority testified that a reasonable interpretation of what is meant by a body of water two feet in depth is that it averages that depth. We do not agree with the finding of the Court of Claims that a duty devolved on the Authority because the stream might on occasion go over two feet. Such finding contradicts the court's conclusion that the water was shallow and generally less than two feet and is in contradiction of the Department guidelines.

The State has retained its immunity when decisions it makes are made in the course of governmental planning for the public safety. The decision by the Authority not to extend the guiderail was a planning decision and is subject to the doctrine of limited immunity *(see, Joyce v State of New York,* 152 AD2d 306, 309-310, *lv denied* 76 NY2d 703).

■ We find no basis for the Court of Claims decision to extend protection to claimant on public policy grounds. The Authority's duty was to construct and maintain its highway in a reasonably safe condition *(see, Lattanzi v State of New York,* 74 AD2d 378, *affd* 53 NY2d 1045). When highway design comports to the standard applicable at the time of construction or reconstruction, the Authority has met its duty unless there is some indication that due care was not exercised in the preparation of the design or that no reasonable official could have adopted it *(see, Weiss v Fote, supra,* at 586; *Schwartz v New York State Thruway Auth.,* 95 AD2d 928, 929, *affd* 61 NY2d 955). The record indicates that the site of the accident met the specifications of the Department guidelines and that due care was exercised in the preparation of the design. There is also nothing in the record to indicate the design's lack of reasonableness, nor was there evidence presented that the Authority had actual or constructive notice of a dangerous condition at the site which it failed to correct or give warning thereof *(see, Freund v State of New York,* 137 AD2d 908, 909, *lv denied* 72 NY2d 802; *Farrell v State of New York,* 46 AD2d 697).

WEISS, J. P., YESAWICH, JR., LEVINE and CREW III, JJ., concur.

Ordered that the judgment is reversed, on the law and the facts, without costs, and claim dismissed.