■ CHRISTA KORNHUBER et al., Respondents, v STATE OF NEW YORK, Appellant. [601 NYS2d 354] —In a claim to recover damages for personal injuries, the defendant appeals from a judgment of the Court of Claims (Lengyel, J.), dated November 28, 1990, which, after a nonjury trial and upon denying the defendant's application to dismiss the claim for failure to prove a prima facie case, is in favor of the claimants and against it in the principal sum of $95,000.

Ordered that the judgment is reversed, on the law and the facts, with costs, the defendant's application to dismiss the claim for failure to prove a prima facie case is granted, and the claim is dismissed.

During a ski jump competition at Bear Mountain State Park on January 10, 1988, a contestant's ski came loose and traveled down a ski-jump hill. Upon reaching the horseshoe-shaped area at the bottom of the hill where spectators were watching the competition, the ski flew through the air and struck the claimant Christa Kornhuber, who was standing 20 to 30 feet from the bottom of the hill. The claimants alleged that the State was negligent in failing to erect a fence or barrier at the bottom of the hill. The Court of Claims determined that the State was negligent and awarded the claimants damages in the principal sum of $95,000. We now reverse.

The claimants were required to establish that the State, as the property owner, failed to act as a reasonable person would in maintaining the property in a reasonably safe condition, in view of all the circumstances, such as the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk (see, Preston v State of New York, 59 NY2d 997; Basso v Miller, 40 NY2d 233; Alberti v State of New York, 172 AD2d 471; O'Keeffe v State of New York, 140 AD2d 998). We find that the claimants failed to meet their burden of proof. No evidence was offered that the manner in which the ski-jump area was constructed was unreasonable in light of accepted practices, and we find that the accident which occurred was not reasonably foreseeable (see, Merenoff v State of New York, 283 App Div 1134). Accordingly, the court erred in denying the State's motion to dismiss the claim for failure to prove a prima facie case. Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.