OPINION OF THE COURT
John L. Bell, J.
In Pandolph v State of New York (155 Misc 2d 612), this court held that the Court of Claims did not have subject matter jurisdiction over claims against the Olympic Regional Development Authority (hereinafter ORDA or the authority). The Legislature subsequently amended Public Authorities Law § 2622 to confer exclusive jurisdiction upon the Court of Claims to hear claims against ORDA "to recover damages for injuries to property or for personal injury arising out of the operation by the authority of any participating Olympic facility owned by the state or of the Gore mountain ski center” (L *872 1994, ch 169, § 93 [codified as subdivision (4) of Public Authorities Law § 2622]). Several issues of first impression as regards the interpretation and application of the statutory amendment to Public Authorities Law § 2622 are implicated in the instant motion for permission to late file a claim against ORDA.
The underlying action accrued on March 12, 1994, when claimant Dennis Traína hit his head on an overhang and fell while he was on a deck attached to the main lodge at White-face Mountain Ski Center, Town of Wilmington, Essex County. Consistent with the requirements set forth in Public Authorities Law § 2622 (1), claimants served a notice of claim (see, General Municipal Law § 50-e) upon ORDA and the Attorney-General on May 2, 1994. Such service was made within 90 days of accrual of the action and, at the time of service, was a statutorily required condition precedent to commencing an action against ORDA.
On June 9, 1994, chapter 169 of the Laws of 1994 was enacted. Section 93 of chapter 169 added subdivision (4) to Public Authorities Law § 2622, which provided as follows: "Notwithstanding subdivision three of this section, exclusive jurisdiction is hereby conferred upon the court of claims to hear and determine any claim of any person brought hereafter against the authority to recover damages for injuries to property or for personal injury arising out of the operation by the authority of any participating Olympic facility owned by the state or of the Gore mountain ski center, in the same manner and to the extent provided and subject to the provisions of the court of claims act with respect to claims against the state, and to make awards and render judgments therefor. The payment of awards and judgments for any such claims brought in the supreme court pursuant to this title or in the court of claims shall be made from appropriations for judgments against the state pursuant to section twenty of the court of claims act.” Interestingly, subdivision (4) was made retroactive to April 1, 1994 (L 1994, ch 169, § 167 [2]).
In November 1994, claimants commenced an action against ORDA in Supreme Court, Essex County. Claimants subsequently learned that after they had served their notice of claim but before they had served their complaint, jurisdiction had ostensibly been changed by chapter 169 from Supreme Court to the Court of Claims. The current motion for permission to late file a claim pursuant to Court of Claims Act § 10 (6) ensued.
*873 Initially, it merits noting that for purposes of determining whether subdivision (4) of Public Authorities Law § 2622 applies to an action, the date the action is commenced, and not when it accrued, is dispositive. The statute specifically provides that the Court of Claims has jurisdiction over any claim "brought hereafter against the authority” (Public Authorities Law § 2622 [4] [emphasis supplied]). Thus, although the underlying action accrued prior to April 1, 1994, the date of accrual does not determine the proper forum under the explicit statutory language. Moreover, the service of a notice of claim, which was done prior to enactment of the statutory amendment but after the amendment’s retroactive effective date, did not commence an action. The lawsuit was not commenced in Supreme Court until November 1994 and thus subdivision (4) controls the jurisdiction of this action.
Next, the court will address claimants’ assertion that apparent inconsistencies and lack of clarity abound in section 2622 as a result of the addition of subdivision (4). Claimants note, for example, that when section 2622, as amended, is read literally it appears to create new hybrid procedures incorporating both provisions of the General Municipal Law and the Court of Claims Act. Subdivisions (1) and (2) of the statute incorporate the general procedures used to commence an action against a municipality and mandate that such procedures be followed in an action against ORDA. The procedures in the Court of Claims, although often confused with the procedures for commencing an action against a municipality, are in fact different and distinct from such procedures.[1] Although subdivision (4) does not explicitly state that the procedures in subdivisions (1) and (2) do not apply to a claim commenced pursuant to subdivision (4),[2] the court nevertheless concludes that the Legislature did not intend to establish unique — and confusing — hybrid procedures applicable only to claims against ORDA. Such conclusion is supported by sound *874 policy considerations and a logical interpretation of the subject statute.
From a policy viewpoint, the hybrid procedures that would exist if the procedures in subdivisions (1) and (2) were grafted into a subdivision (4) claim would create a myriad of procedural subtleties and inconsistencies, resulting in a trap not only for the unwary but also for careful counsel. The people most likely to be hurt by such a procedural potpourri would be individuals with legitimate claims against ORDA who would frequently see their claims lost on procedural rather than substantive grounds. In the absence of explicit and unambiguous direction from the Legislature, this court is unwilling to infer an intention to create such hybrid procedures.
Support for the conclusion that the Legislature did not intend the procedures in subdivisions (1) and (2) to apply to the Court of Claims can be found in language in subdivision (4), where it is provided that claims against ORDA in the Court of Claims are to be brought "in the same manner and to the extent provided and subject to the provisions of the court of claims act with respect to claims against the state.” Further evidence from the statute that subdivisions (1) and (2) do not apply in actions in the Court of Claims can be found in subdivision (2). Subdivision (2) incorporates by reference the provisions of title 11 of article 9 of the Public Authorities Law. Included within such title and article is section 2982, which specifically excepts claims brought in the Court of Claims from the procedures of title 11.
Supreme Court continues to have jurisdiction over some ORDA-related matters, and thus this court’s interpretation of subdivision (4) does not render subdivisions (1) and (2) nullities. An example of Supreme Court’s jurisdiction is found in subdivision (1), which refers to, inter alla, actions against "any officer, appointee or employee” of ORDA. The Court of Claims jurisdiction is limited to claims against the authority itself and does not extend to whatever cognizable cause of action may exist directly against individuals affiliated with ORDA.
Another example of potential jurisdiction in Supreme Court merits mentioning, particularly since it involves a potential trap. Supreme Court may still have jurisdiction over some actions directly against ORDA. Subdivision (4) confers jurisdiction in the Court of Claims for incidents at Gore Mountain Ski Center and any "participating Olympic facility owned by the *875 state” (emphasis supplied). Not all Olympic facilities are owned by the State (compare, Public Authorities Law § 2612, with Public Authorities Law § 2614). Thus, the argument could be made that Supreme Court still has jurisdiction over actions against ORDA where the underlying incident occurred at a facility owned by the park district (see, Public Authorities Law § 2607 [4]; §§ 2612, 2622 [4]). Whiteface Mountain Ski Center is owned by the State and therefore the issue of jurisdiction over an incident at a facility owned by the park district is not directly before the court.
Since the Court of Claims does have subject matter jurisdiction over claimants’ action and this motion for permission to late file was brought in a timely fashion, the court will now consider the factors relevant to a motion for permission to late file a claim; such factors include: (1) whether the delay in filing was excusable; (2) whether the defendant had notice of the essential facts constituting the claim; (3) whether the defendant had an opportunity to investigate the circumstances underlying the claim; (4) whether the claim appears meritorious; (5) whether the failure to file timely resulted in substantial prejudice; and (6) whether any other remedy is available (Court of Claims Act § 10 [6]). The court is afforded considerable discretion in determining whether to permit the late filing of a claim (see, e.g., Matter of Gavigan v State of New York, 176 AD2d 1117). The presence or absence of any particular factor is not dispositive (Bay Terrace Coop. Section IV v New York State Employees’ Retirement Sys. Policemen’s & Firemen’s Retirement Sys., 55 NY2d 979).
Claimants argue as an excuse for the delay in filing that the law changed retroactively while they were in the process of commencing their action and, furthermore, that the newly enacted procedures lacked clarity. The claim accrued on March 12, 1994. The 90th day after accrual was June 10, 1994. The legislation containing the germane amendment to Public Authorities Law § 2622 was enacted on June 9, 1994. Claimants thus had one day in which to learn of the new legislation, contemplate the impact on their claim of the retroactive effective date of the legislation and attempt to discern the proper procedure to commence the claim. Under such circumstances, the court finds claimants’ excuse clearly acceptable. However, even if the court were to determine that claimants did not have a viable excuse, it would grant the instant motion since all the other statutory factors weigh in favor of claimants.
*876 Claimants served a notice of claim on both the Attorney-General and ORDA within 90 days of accrual. Defendant thus had ample notice of the essential facts constituting the claim. Such notice afforded defendant an opportunity to investigate the circumstances underlying the claim. Moreover, notice and an opportunity to investigate were given by claimant Dennis Traína, who reported the incident to personnel at Whiteface Mountain Ski Center on the date it occurred. The ample notice and opportunity to investigate prevent substantial prejudice to defendant. The evidence before the court, including an affidavit from a professional engineer, establishes merit for purposes of this motion. Claimants do not have any other remedy. Claimants’ motion is thus granted and they are directed, in accordance with the accompanying order, to file their claim with the Chief Clerk of the Court of Claims and to serve their claim upon both the Attorney-General and ORDA (see, Finnerty v New York State Thruway Auth., 75 NY2d 721).

. For example, a notice of claim is a condition precedent to commencing an action against a municipality. However, no such document exists in Court of Claims practice. While Court of Claims practice has a document entitled notice of intention, such document serves to extend the time in which a claim must be filed and is not a condition precedent to commencing a claim.

. The lack of an explicit exclusion of the procedures in subdivisions (1) and (2) from a claim commenced pursuant to subdivision (4) is made more conspicuous by the specific exclusion in subdivision (4) of the venue provision of subdivision (3).