■ SEAN MORGAN, Respondent, and VALERIE MORGAN, Appellant, v STATE OF NEW YORK, Appellant. (Claim No. 76243.) [645 NYS2d 614] —Peters, J. Appeal from a judgment of the Court of Claims (Bell, J.), entered October 24, 1994, upon a decision of the court following a bifurcated trial in favor of claimant Sean Morgan on the issue of liability.

Claimant Sean Morgan (hereinafter claimant) sustained severe personal injuries in January 1986 while driving a two-person bobsled in a competition held at the Mt. Van Hoevenberg bobsled run in the Town of North Elba, Essex County. Although claimant and his brakeperson successfully completed the first of four runs in the competition, in the second run, due to a self-acknowledged mistake in judgment, the bobsled tipped, causing the brakeperson to fall out. Claimant nonetheless steered the bobsled through the finish line and entered the outrun.

Due to difficulty in steering because of the damaged steering mechanism and notwithstanding his attempt to move to the brakeperson's seat to apply the brakes, claimant remained unable to stop the bobsled, which resulted in its bouncing back and forth off the outrun walls. On the left side of the outrun there existed a 20-foot opening with a concrete abutment at the end thereof, which was used for the quick exit of bobsleds

during competition. Traveling approximately 40 to 60 miles per hour during this attempt to stop, the bobsled proceeded into the 20-foot opening and collided with the concrete abutment, resulting in extensive injuries to claimant.

Claimant and his wife, Valerie Morgan, derivatively, commenced this negligence action against the State alleging, *inter alia*, defective design of the bobsled run. The State denied all liability and propounded various affirmative defenses which included, *inter alia*, the culpable conduct of claimant, his assumption of risk, waiver and estoppel. In a bifurcated trial on the issue of liability, the Court of Claims found in favor of claimant yet dismissed the derivative action. Both the State and Morgan appeal.

Addressing the State's first contention that it did not own the bobsled run and therefore cannot be held liable for the injuries sustained, we find that due to the terms of an agreement, between the Olympic Regional Development Authority (hereinafter ORDA) and the Department of Environmental Conservation (hereinafter DEC), which provided for ORDA to operate, maintain and manage the State-owned olympic facilities, explicitly including the Mt. Van Hoevenberg Recreational Area wherein the bobsled run is located, such contention is without merit. Similarly unpersuasive is the State's contention that ORDA, as a public benefit corporation (Public Authorities Law § 2606) existing separate and apart from the State, notwithstanding its exercise of a governmental function (*see, Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth.*, 5 NY2d 420, 424), remains responsible for the commission of torts by its agents and employees based upon our reasoning in *Slutzky v Cuomo* (114 AD2d 116, 118-119, *appeal dismissed* 68 NY2d 663).*

Finding no basis for the imposition of limited liability under the precepts of *Weiss v Fote* (7 NY2d 579) and its progeny since the improvements and refurbishment of the bobsled run which included, for the first time, the placement of the 20-foot opening in the outrun cannot be found to be a public improvement made for public safety during the course of governmental planning (*see, Cipriano v State of New York*, 171 AD2d 169, 173, *lv denied* 79 NY2d 756), we turn to the duty owed by the State, as a landowner, to maintain the premises in a reasonably safe condition (*see, Basso v Miller*, 40 NY2d 233, 241; *Kornhuber v State of New York*, 196 AD2d 629, *lv denied* 82 NY2d 664). In connection therewith, it is well settled that the State must

---

* Matters involving ORDA now fall under the jurisdiction of the Court of Claims (*see*, Public Authorities Law § 2622).

take reasonable steps to prevent those accidents which may foreseeably occur as a result of a dangerous condition on its property (*see, Walter v State of New York*, 185 AD2d 536, 538). "In cases involving competitive athletic activities, 'assumption of risk is not an absolute defense but a measure of the defendant's duty of care' " (*Giordano v Shanty Hollow Corp.*, 209 AD2d 760, *lv denied* 85 NY2d 802, quoting *Turcotte v Fell*, 68 NY2d 432, 439).

Here, the State, through DEC, refurbished the bobsled run in 1978 and 1979 in preparation for the 1980 Winter Olympic Games. To have the run qualify for international competitive use, DEC was required to obtain the approval of the Federation of International Bobsled and Tobogganing. Prior to such refurbishing there were no openings along the outrun area, yet after the refurbishing the 20-foot opening was made in the outrun approximately 40 yards past the finish line—the point at which a bobsled would typically stop after an uneventful run.

Under these circumstances, the duty "was to make the [bobsled run] as safe as [it] appeared to be and if the risks of the activity were fully comprehended or perfectly obvious, plaintiff [must be found to have] consented to them and defendant [to have] performed its duty" (*Giordano v Shanty Hollow Corp., supra*, at 760; *see, Turcotte v Fell, supra*, at 439). The level of awareness of risk "is * * * to be assessed against the background of the skill and experience of the particular plaintiff * * * and in that assessment a higher degree of awareness will be imputed to a professional than to one with less than professional experience in the particular sport" (*Maddox v City of New York*, 66 NY2d 270, 278 [citations omitted]; *see, Dicruttalo v Blaise Enters.*, 211 AD2d 858).

Here, the record is replete with evidence demonstrating that claimant was a professional bobsledder who was clearly aware of the dangerous nature of the sport in which he chose to participate and of the existence of the opening in the outrun, as he had practiced and competed in the sport of bobsledding since he was 8 years old and was in his mid-20s when the run was refurbished to include such opening. While we would generally defer to assessments made by the Court of Claims since it has the advantage of viewing the evidence and credibility of the witnesses firsthand, "we are not foreclosed from granting the judgment warranted by a reasonable assessment of the evidence" (*Cipriano v State of New York*, 171 AD2d 169, 172, *supra*).

Upon our assessment, we conclude that the risks presented

by the 20-foot opening in the outrun area were not only obvious but also fully comprehended by claimant. Since this run was precisely what it "appeared to be" (*Giordano v Shanty Hollow Corp.*, *supra*, at 760), claimant, by voluntarily competing on this course, fully assumed the risks thereof (*see*, *Turcotte v Fell*, 68 NY2d 432, *supra*; *Maddox v City of New York*, *supra*; *Dicruttalo v Blaise Enters.*, *supra*), notwithstanding any contention that he may not have foreseen the exact manner in which his accident occurred (*Maddox v City of New York*, *supra*). Finding no breach of a duty by the State, we need not review the propriety of the court's dismissal of the derivative claim.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as granted judgment for claimant Sean Morgan on the issue of liability; judgment awarded to the State dismissing the claim of said claimant; and, as so modified, affirmed.