■ DEAN CRAIG, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 95921.) [690 NYS2d 167] —Peters, J. Appeal from an order of the Court of Claims (McNamara, J.), entered April 10, 1998, which, *inter alia,* denied the State's motion for summary judgment dismissing the claim.

On January 11, 1997, claimant, employed by the State Olympic Regional Development Authority (hereinafter ORDA) as a maintenance assistant at Gore Mountain Ski Area, was seriously injured while working on a ski trail. This claim was thereafter commenced alleging, *inter alia,* that the State, as owner of the ski area, was negligent in failing to provide claimant with a safe place to work. The State moved for summary judgment, seeking to dismiss the claim on the ground that claimant received workers' compensation benefits and was therefore precluded from raising any claims against it. The Court of Claims* partially granted the motion and dismissed the claim against both ORDA and Gore Mountain Ski Area on the workers' compensation defense, but denied the motion with respect to the State upon finding that ORDA is an independent and separate entity. The State appeals.

In reviewing whether the State and ORDA are separate and

---

* Matters involving ORDA fall under the jurisdiction of the Court of Claims (Public Authority Law § 2622; *see, Morgan v State of New York,* 229 AD2d 737, 738, n, *affd* 90 NY2d 471).

distinct entities for negligence actions such that the Workers' Compensation Law would not bar a lawsuit against the State by an employee of ORDA, we turn to our analysis in *Morgan v State of New York* (229 AD2d 737, *affd* 90 NY2d 471) and *Slutzky v Cuomo* (114 AD2d 116, *appeal dismissed* 68 NY2d 663). In *Morgan,* we were presented with the issue of whether the State, as a property owner, could be liable for injuries sustained by a bobsledder injured at an ORDA-operated Olympic facility. Therein, we rejected the State's contention that ORDA, a public authority, is an independent public benefit corporation created by the State for the purpose of carrying out a governmental function, enjoying an existence separate and apart from it (*id.,* at 738). Relying upon our reasoning in *Slutzky v Cuomo* (*supra*) where we found, after an examination of the statutes creating ORDA and vesting it with authority to operate Gore Mountain, that "the Legislature has 'imbue[d] [ORDA] with such a degree of identity as to be considered an integral part of the State qua State' " (*id.,* at 119, quoting *Grace & Co. v State Univ. Constr. Fund,* 44 NY2d 84, 88), the State in *Morgan* was found "responsible for the commission of torts by its agents and employees" (*Morgan v State of New York, supra,* at 738). Since our prior reasoning remains intact, we find that ORDA must be deemed to be an agency of the State and, therefore, the State is entitled to the workers' compensation defense.

Having further found no merit to claimant's contention that the State can nonetheless be sued in its capacity as a property owner (*see, Parrinello v Mancuso,* 251 AD2d 856; *see also, Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152), we hereby modify the Court of Claims' order and dismiss the claim against the State.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the State's motion for summary judgment dismissing the claim against it; motion granted, summary judgment awarded to the State and claim against it dismissed; and, as so modified, affirmed.