OPINION OF THE COURT
John L. Bell, J.
On June 4, 2000, claimant Charlotte M. Plath[1] allegedly drank a substantial quantity of alcoholic beverages and then *199 walked on a grass-covered hill at the Olympic Arena Complex in the Village of Lake Placid, Essex County, where she walked off or tripped and fell off a retaining wall. She reportedly sustained significant permanent injuries in the fall. The Olympic Arena Complex is a “participating Olympic facility” (Public Authorities Law §2607 [6]; §2612 [1]) that is maintained and controlled by defendant Olympic Regional Development Authority (hereinafter ORDA or the Authority). While some Olympic venues that are under ORDA’s control are owned by the State, many are owned by the Town of North Elba Public Parks and Playgrounds District (hereinafter Park District) (Public Authorities Law § 2607 [4]; § 2612). The Olympic Arena, where claimant’s accident occurred, is owned by the Park District (Public Authorities Law § 2612 [1]). Claimants commenced actions against ORDA in both Supreme Court, Essex County, and the Court of Claims.[2] Since the accident occurred on premises owned by the Park District, defendant’s answer included defenses asserting that the Court of Claims lacked jurisdiction. Claimants have moved to dismiss the jurisdictional defenses from the answer and defendant has cross-moved to dismiss the claim for lack of jurisdiction.
ORDA is a public benefit corporation that was created in 1981 to manage and maintain the Olympic facilities in and around Lake Placid, site of the 1932 and 1980 Winter Olympic Games (see, Pandolph v State of New York, 155 Misc 2d 612, 614). Among the many powers placed in ORDA by the Legislature was the power “[t]o sue and be sued” (Public Authorities Law § 2611 [1]). The legislative parameters for lawsuits against ORDA are set forth in section 2622 of the Public Authorities Law. An amendment to such law in 1994 specifically provided that the Court of Claims has “exclusive” jurisdiction of claims against ORDA for actions occurring at an Olympic facility owned by the State or occurring at Gore Mountain Ski Center (hereinafter Gore) (L 1994, ch 169, § 93; Public Authorities Law § 2622 [4]; see, Traina v New York State Olympic Regional Dev. Auth., 165 Misc 2d 870). While the statute is not as clear regarding torts occurring at Olympic facilities owned by the Park District, a reasonable interpretation of the germane statutory language, as discussed in Traína (supra, at 874-875), is that such actions may still be brought in Supreme Court and, indeed, Supreme Court so held in claimants’ companion case *200 (see, Plath v New York State Olympic Regional Dev. Auth., Sup Ct, Essex County, June 29, 2001, Dawson, J.).[3]
The dispositive issue in the current motions is whether the jurisdiction of the Court of Claims extends to actions against ORDA that occur on Park District premises. There are a series of Appellate Division cases pointing to the conclusion that ORDA is, in essence, an agency of the State. In Slutzky v Cuomo (114 AD2d 116, 119, appeal dismissed 68 NY2d 663), a case which challenged the constitutionality of the State’s delegation to ORDA of the operation of Gore, Judge Levine stated for the unanimous Court: “[T]he Legislature has ‘imbue[d] [ORDA] with such a degree of identity as to be considered an integral part of the State qua State.’ ” Thereafter, in a tort action that arose at a participating Olympic facility and in which the claimants named only the State as a defendant, the Appellate Division, citing Slutzky, rejected the State’s argument that it was not responsible for the torts of ORDA (Morgan v State of New York, 229 AD2d 737, 738, affd in part, revd in part 90 NY2d 471). Finally, in a case implicating workers’ compensation benefits the State argued that ORDA was, in fact, its agency and the Court agreed, holding that “ORDA must be deemed to be an agency of the State” (Craig v State of New York, 261 AD2d 683, 684, lv denied 94 NY2d 752). It is apparent from the holdings in Slutzky, Morgan and Craig that ORDA can be considered an agency of the State for purposes of tort litigation and, indeed, that ORDA need not even be named separately from the State as a defendant in such actions.[4] Since ORDA is an agency that can be sued in the name of the State, *201 the Court of Claims has jurisdiction over ORDA even when the underlying incident occurs on Park District premises (cf., Morell v Balasubramanian, 70 NY2d 297, 300 [stating that the Court of Claims has jurisdiction when the State is the real party in interest]).
The Appellate Division’s interpretation of the legal status of ORDA has been implicitly accepted by the Legislature. In 1999, the Legislature amended Court of Claims Act § 11 to make clear the requirement that, as to certain public entities, both the Attorney General and the public entity had to be served with a claim in order for the Court of Claims to acquire jurisdiction (L 1999, ch 435, § 1; Court of Claims Act § 11 [a] [ii]). The purpose of such legislation was to clearly set forth in the Court of Claims Act a requirement recognized in case law (see, e.g., Brinkley v City Univ., 92 AD2d 805) and that posed a potential jurisdictional trap to many litigants (Mem of Senate in Support of L 1999, ch 435, 1999 McKinney’s Session Laws of NY, at 1847). The initial legislation included a requirement that claims against ORDA, like other public benefit corporations, must be served upon both the Attorney General and the Authority. Before the effective date of the legislation, however, the Appellate Division rendered its decision in Craig v State of New York (supra). In response to the Craig decision, the Legislature amended chapter 435 before it became effective, deleting the requirement that a claim against ORDA must be served separately upon the Authority (L 1999, ch 439, § 1; see, Mem of Senate in Support of L 1999, ch 439, 1999 McKinney’s Session Laws of NY, at 1850). Clearly, if the Legislature had found the Craig holding offensive to its intention regarding ORDA’s legal status, it could have kept the separate service requirement that applied to other public authorities or it could have taken steps to clarify its intention regarding ORDA’s legal status. Instead, it amended the pending legislation to make the new statute consistent with the Craig holding. [5]
*202 Recent Appellate Division rulings and, to some extent, legislative actions lead to the conclusion that the Court of Claims has jurisdiction to hear claims occurring at participating Olympic facilities that are owned by either the State or the Park District. Claimants’ motion must thus be granted and defendant’s cross motion denied.

. Since the claim of Richard Plath is derivative, all references herein to claimant are to Charlotte M. Plath unless otherwise noted.

. Claimants also brought another action in Supreme Court against various other defendants.

. The fact that a single incident can give rise to actions in both Supreme Court and the Court of Claims is not novel (see, e.g., Pratt v State of New York, 181 Misc 2d 488, 490 [holding that a person injured through the negligent operation of a State-owned motor vehicle may sue the State as owner of the vehicle in the Court of Claims or the operator in Supreme Court]).

. The court is cognizant of seemingly contrary authority. For example, in Graves v East Hudson Parkway Auth. (43 AD2d 607), the Appellate Division stated that it “must agree” with “the rule that public authorities are not State agencies.” Moreover, although the Court of Appeals once characterized the Thruway Authority as “an arm or agency of the State” (Easley v New York State Thruway Auth., 1 NY2d 374, 376), it later explained that it did not mean there was “an identity between Authority and State” and held that “a public authority enjoys an existence separate and apart from the State” (Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth., 5 NY2d 420, 424). The recent decisions of the Appellate Division, however, addressing the specific Authority implicated in this litigation appear to this court to lead to the conclusion herein. *201 Undoubtedly, the jurisdictional issues surrounding ORDA will not be fully clarified until ultimately addressed by the Court of Appeals.

. Ironically, the Legislature appears willing to wash its hands of the jurisdictional quandary and leave it to the courts to sort out. The Senate Memorandum in Support of Laws of 1999 (ch 439) noted that Craig “casts doubt on whether actions accruing at facilities maintained by ORDA are properly brought against that entity or the State of New York” (id. at 1850). Rather than address and clarify that “doubt,” the Memorandum declared that “this amendment was not intended to change existing law” (1999 McKinney’s Session Laws of NY, at 1850). The problem, however, is that “existing law” on the issue of ORDA jurisdiction is currently unclear and is riddled with potential traps for litigants.