■ Charlotte M. Plath et al., Respondents, v New York State Olympic Regional Development Authority, Appellant. [758 NYS2d 410] —Peters, J. Appeal from an order of the Court of Claims (Bell, J.), entered January 23, 2002, which, inter alia, granted claimants' motion to dismiss certain of defendant's affirmative defenses.

On June 4, 2000, claimant Charlotte M. Plath (hereinafter claimant) was injured when she slipped and fell traversing a public area in the Olympic Arena Complex (hereinafter Olympic Arena) in the Village of Lake Placid, Essex County. The Olympic Arena is owned by the Town of North Elba Public

Parks and Playgrounds District and operated by defendant in accordance with a written agreement.*

Claimant and her husband, derivatively, commenced a negligence action against defendant in Supreme Court on February 22, 2001; defendant denied responsibility and propounded various affirmative defenses, including the lack of subject matter jurisdiction. On August 28, 2001, claimants commenced this action against defendant in the Court of Claims for the same injury, asserting the same allegations; again defendant denied responsibility and propounded several affirmative defenses, including the lack of subject matter and personal jurisdiction and the existence of another action pending. Claimants moved to dismiss these jurisdictional defenses, prompting defendant to cross-move to dismiss all claims on jurisdictional grounds. By decision and order entered January 23, 2002, claimants' motion to dismiss defendant's jurisdictional defenses was granted, prompting this appeal.

We reverse. In 1994, the Legislature expressly extended the jurisdiction of the Court of Claims to hear claims against defendant, but only in situations specifically arising out of defendant's operation of the Gore Mountain Ski Center or a state-owned Olympic facility (*see* Public Authorities Laws § 2622 [4], as added by L 1994, ch 169, § 93). Facilities owned by other entities, such as the Olympic Arena, were not included within the scope of the statute, and the Legislature's failure to include them indicates that their exclusion was intended (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 240; *Matter of Beekman Hill Assn. v Chin*, 274 AD2d 161, 170 [2000], *lv denied* 95 NY2d 767 [2000]).

Since the jurisdiction of the Court of Claims is limited to those situations where the Legislature has specifically conferred it (*see* *Gembala v Audobon Assn.*, 97 AD2d 345, 346 [1983]) and such jurisdiction was withheld as to the facility involved here, we are not called upon to consider whether the functions of defendant are "so closely allied with the State itself as to meet the [jurisdictional] test" (*Story House Corp. v State of N.Y. Job Dev. Auth.*, 37 AD2d 345, 349 [1971], *affd* 31 NY2d 942 [1972]).

Thus, while we have considered defendant to be an agency of the state for purposes and in contexts where the issue presented had not been legislatively resolved (*see* *Craig v State of New York*, 261 AD2d 683 [1999], *lv denied* 94 NY2d 752 [1999];

---

* Defendant is a public benefit corporation created to operate state-owned Olympic facilities in the Lake Placid area (*see* Public Authorities Law § 2606).

*Morgan v State of New York*, 229 AD2d 737 [1996], *affd in part, revd in part on other grounds* 90 NY2d 471 [1997]; *Slutzky v Cuomo*, 114 AD2d 116 [1986], *appeal dismissed* 68 NY2d 663 [1986]), we will not, by implication, expand the jurisdiction of the Court of Claims over defendant where the Legislature has clearly and unambiguously delineated its scope (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 74; *People v Pinkoski*, 300 AD2d 834, 837 [2002]; *De Coste v Champlain Val. Physicians Hosp.*, 147 AD2d 793, 795 [1989], *lv denied* 74 NY2d 604 [1989]).

Honoring this legislative delineation avoids the need for claimants to pursue their action against the Town of North Elba Public Parks and Playgrounds District and defendant in two separate courts. Accordingly, we reverse the order of the Court of Claims and grant defendant's cross motion for dismissal on jurisdictional grounds.

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, claimants' motion denied, defendant's cross motion granted and claim dismissed. [*See* 190 Misc 2d 198.]