■ ALLAN DIAS, Respondent-Appellant, v. TIRE MART, INC., Appellant-Respondent.— Judgment unanimously modified, on the law and the facts, to the extent of increasing the plaintiff's recovery to the sum of $30,731.68 with appropriate interest, and as so modified, is otherwise affirmed, with costs to the plaintiff-respondent-appellant. We agree with the conclusion of the trial court that the parties entered into an oral contract evidenced by the letter of September 12, 1951. However, we disagree with the conclusion that plaintiff's assignor is not entitled to full commissions on the total amount of the shipments made to Nunez in connection with the joint venture between Nunez and the defendant. In the letter of September 12 the defendant stated that "in the event we should transact any business whatsoever with Mr. Danilo Nunez, we will protect you for a commission on all such business." Such language would indicate an agreement to pay commissions on transactions beyond those constituting a normal sale from defendant to Nunez. Such an agreement would appear to entitle plaintiff's assignor to commissions on all the transactions here involved for the full amounts of the shipments. However, we need not so construe the agreement to enable us to find that full commissions should be awarded. Even giving to the agreement the more restricted meaning that commissions were only to be paid on sales to Nunez, it is still clear that in all the transactions for which commissions are sought, the sales were in fact made to Nunez. The goods had to be sold to him — the license being in his name, no other arrangement was possible. Nor are we persuaded by the defendant's argument that the joint venture arrangement was entered into only as a salvage measure and was not the type of transaction contemplated by the agreement as one on which a commission should be paid. Such argument carries no validity in the light of the facts surrounding the third and largest transaction. That venture was exactly of the

same nature as the second transaction and was entered into freely, without compulsion and clearly was not a salvage operation. This arrangement was entered into by defendant solely because it deemed it profitable to do so. It is clear that the defendant got what it bargained for — the use of a Brazilian import license — and as a result the plaintiff, having made such use possible, is entitled to a commission on the transactions made in consequence thereof. Settle order on notice. Concur — Breitel, J. P., Rabin, McNally, Eager and Bastow, JJ. [27 Misc 2d 24.]