▆ MANUFACTURERS AND TRADERS TRUST COMPANY, Appellant, v S.W.U. ASSOCIATES, INC., et al., Defendants, and RITA UPSON, Respondent. — Order unanimously reversed, without costs, and motion granted. Memorandum: In this action seeking recovery upon a written guarantee of a corporate indebtedness, plaintiff appeals from that part of an order which denied its motion for summary judgment against defendant Rita Upson. She concedes that she executed the guarantee but asserts that the nature of the instrument was misrepresented to her by her husband, a coguarantor and a principal in the corporation. She states she was told by him that her signature was required on corporate loan papers but "that nothing I was to sign would give M & T the right to recourse against me". She asserts that she did not read the instrument before signing it because she relied upon the "good faith" of her husband with whom she had a " 'relationship of trust and confidence' ". While she contends that plaintiff's representative at the loan closing was aware that she had not read the instrument, she advances no claim that the bank participated in, or had any knowledge of, the misrepresentation.

Accepting defendant's assertions as true, she has not established a defense to the action. "Under long accepted principles one who signs a document is, absent fraud or other wrongful act of the other contracting party, bound by its contents" *(Da Silva v Musso,* 53 NY2d 543, 550; see *Manufacturers & Traders Trust Co. v Commercial Door & Hardware,* 51 AD2d 362). This is so because "[i]f the signer could read the instrument, not to have read it was gross negligence; if he could not read it, not to procure it to be read was equally negligent; in either case the writing binds him" *(Pimpinello v Swift & Co.,* 253 NY 159, 162-163).

Defendant argues that she was not negligent because her reliance upon the relationship of trust between husband and wife justified her failure to read the instrument. She cites no case in support of that principle, and those she relies upon are easily distinguishable. She had no reading incapacity (see *National Bank v Chu,* 47 NY2d 946, revg on dissenting opn below [Sandler, J.] 64 AD2d 573; *Pimpinello v Swift & Co., supra*); her husband, while in a position of trust, was not her attorney (see *Pimpinello v Swift & Co., supra; Herchmer v Elliott,* 14 Ont Rep 714); and plaintiff played no part in the misrepresentation (see *National Bank v Chu, supra; Smith v Smith,* 134 NY 62).

Since there has been no showing of fraud or other wrongful act on the part of plaintiff, its motion for summary judgment must be granted. (Appeal from order of Supreme Court, Erie County, Fudeman, J. — summary judgment.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.