■ JOSEPH M. CAMILLERY et al., Respondents, v GETTY REFINING & MARKETING COMPANY, Respondent, ANITA CATALANELLO, Appellant, et al., Defendant.—In an action to recover damages resulting from an alleged leakage of gasoline from underground storage tanks, the defendant Anita Catalanello appeals from an order of the Supreme Court, Nassau County (Becker, J.), entered August 11, 1989, which dismissed the cross claim of the defendant Anita Catalanello against the defendant Getty Refining & Marketing Company.

Ordered that the order is affirmed, with costs.

The defendant Catalanello contends that the trial court erred in granting summary judgment to defendant, Getty Refining & Marketing Company (hereinafter Getty), there being triable issues of fact. We disagree.

Any interest which Getty may have had in the service station from which the gasoline is alleged to have leaked ended in 1981. Getty's liability in negligence for any dangerous condition which may have existed on that property terminated when Catalanello took possession and control of it before the injury was sustained, and when Catalanello had a reasonable opportunity to discover any alleged dangerous condition, by making prompt inspection and necessary repairs. This is so even where a nuisance exists (see, New York Tel. Co. v Mobil Oil Corp., 99 AD2d 185; Pharm v Lituchy, 283 NY 130).

Furthermore, Catalanello's conclusory allegations regarding Getty's concealment of an alleged 1974 gasoline leak, and of affirmative acts of negligence on the part of Getty (see, Inman v Binghamton Hous. Auth., 3 NY2d 137), are insufficient, as a matter of law, to defeat the motion for summary judgment (see, Spearmon v Times Sq. Stores Corp., 96 AD2d 552). Brown, J. P., Eiber, Rosenblatt and Miller, JJ., concur.