■ WALTER MAZURICK et al., Respondents, v MICHAEL CHA-LOS et al., Appellants, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., the defendant Michael Chalos appeals from so much of an order of the Supreme Court, Nassau County (Roberto, J.), entered October 31, 1989, as denied his motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against him, and the defendant Michele Chalos separately appeals from so much of the same order as denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motions are granted, the complaint is dismissed insofar as asserted against Michael Chalos and Michele Chalos, and the action against the remaining defendants is severed.

Although "the unilateral actions of a party in seeking summary judgment on a CPLR 3211 (a) (7) motion cannot constitute 'adequate notice' to the other party in compliance with the requirement of CPLR 3211 (c)" (Mihlovan v Grozavu, 72 NY2d 506, 508, n), we find that, based on the record before us, the parties were "deliberately charting a summary judgment course" (Four Seasons Hotels v Vinnik, 127 AD2d 310, 320; see also, Mihlovan v Grozavu, supra). Therefore, the defendant Michael Chalos' motion pursuant to CPLR 3211 (a) (1) and (7) may properly be treated as one for summary judgment. Additionally, although Michele Chalos' separate motion pursuant to CPLR 3212 was not properly before the court, since issue had not yet been joined, the court may search the record and grant summary judgment to Michele Chalos, based upon the motion of Michael Chalos pursuant to CPLR 3211 (c).

Where an owner of property is no longer in possession and control of the property, and retains no right to reenter for purposes of inspection and repair, then he cannot be held liable for defects in the property *(see, Worth Distribs. v Latham,* 59 NY2d 231; *Bowles v City of New York,* 154 AD2d 324).* Here, the property upon which the alleged accident occurred had been in the possession and control of a court-appointed temporary receiver for approximately two years. The temporary receiver had the authority and funds to make necessary repairs, and indeed, spent over $10,000 on repairs, and the defendants, Michael Chalos and Michele Chalos, were enjoined from interfering with the receiver. Even if the alleged defective condition on the property had existed prior to the appointment of the receiver, the owners' liability for that condition ended when possession and control passed prior to the injury, and the receiver had a reasonable time to discover and repair the condition *(see, Pharm v Lituchy,* 283 NY 130; *Camillery v Getty Ref. & Mktg. Co.,* 170 AD2d 567).* We find that two years was a reasonable amount of time to discover and repair the condition. Bracken, J. P., Sullivan, Miller and Ritter, JJ., concur.