■ WILLETT JACKSON et al., Respondents, v ENDO LABORATORIES, Appellant, and JACK KALTMAN et al., Respondents. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the defendant Endo Laboratories appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered December 13, 1989, as denied its motion for summary judgment dismissing the complaint and any cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion for summary judgment is granted, and the complaint and any cross claims are dismissed insofar as asserted against the appellant.

In this case, any interest which Endo Laboratories (hereinafter Endo) had in the property upon which the plaintiff fell ended in 1979 when it sold that property to Hina Realty Company (hereinafter Hina) and surrendered all possession and control of the premises thereto. Further, because Hina took possession and control of the property, and simultaneously leased it to Continental Extrusion Company for a 20-year term, six years before the plaintiff's injuries were sustained, Hina, thus, had a reasonable opportunity to discover the allegedly dangerous condition by making prompt inspection and necessary repairs *(see, Camillery v Getty Ref. & Mktg. Co.,* 170 AD2d 567). Therefore, summary judgment should have been granted in favor of Endo. The plaintiffs' unsubstantiated allegations regarding Endo's concealment of a dangerous condition are insufficient to raise a material triable issue of fact and, as a matter of law, cannot defeat Endo's motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557; *Camillery v Getty Ref. & Mktg. Co., supra; see also, Mazurick v Chalos,* 172 AD2d 805).

We have considered the plaintiffs' remaining contention and find it to be without merit *(see, Ebanks v New York City Tr.*

*Auth.,* 70 NY2d 621). Mangano, P. J., Bracken, Sullivan and Harwood, JJ., concur.