■ NELDA STEVENS, Respondent, v NORTHERN LIGHTS ASSOCIATES, Appellant, et al., Defendants. [645 NYS2d 193] —Order unanimously reversed on the law without costs, motion granted and complaints dismissed. Memorandum: Plaintiff commenced

this action to recover damages for personal injuries that she alleges she sustained when she slipped and fell on a broken and uneven portion of a parking lot at a shopping center owned by defendant Northern Lights Associates (Northern Lights). After issue was joined, Northern Lights moved for summary judgment dismissing the complaint against it and also moved to dismiss the complaint in a prior action seeking the same relief, which plaintiff had commenced against it in 1992. Plaintiff concedes on appeal that the prior action should have been dismissed. Supreme Court denied Northern Lights' motion in its entirety. We reverse.

Northern Lights submitted unrefuted evidence in admissible form that, at the time of plaintiff's accident, the shopping center was under the exclusive control of a court-appointed receiver. The order appointing the receiver directed the receiver to keep the premises in repair and enjoined and restrained Northern Lights from interfering in any manner with the property. "Where an owner of property is no longer in possession and control of the property, and retains no right to reenter for purposes of inspection and repair, then [it] cannot be held liable for defects in the property" (*Mazurick v Chalos,* 172 AD2d 805, 806; *see also, Dunn v Reardon,* 184 AD2d 1064).

We reject the contention of plaintiff that Northern Lights was required to plead receivership as an affirmative defense. Plaintiff alleged in her complaint that Northern Lights "managed, operated and controlled" the property and, by the general denial in its answer, Northern Lights denied that allegation. The question of such control, therefore, became a factual issue that Northern Lights sufficiently raised by the denial in its answer. "Under denials, the defendant may offer any evidence tending to disprove anything the plaintiff would be permitted to offer evidence to prove" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3018:11, at 154). An affirmative defense is required to be pleaded only when "matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading" (CPLR 3018 [b]). The denial of control by Northern Lights does not raise a new factual issue that did not already appear in the complaint. The fact that Northern Lights was not in control when plaintiff fell may have occasioned surprise to her, but it is not the "surprise" contemplated by CPLR 3018. (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Doerr, Davis and Boehm, JJ.