[676 NYS2d 146]

ISLAND CASH REGISTER, INC., Respondent, v DATA TERMINAL SYSTEMS, INC., Appellant.

First Department, July 30, 1998

### APPEARANCES OF COUNSEL

*Richard A. Spehr* of counsel (*Anthony J. Diana* on the brief; *Mayer, Brown & Platt,* attorneys), for appellant.

*Lester D. Janoff* of counsel (*Janoff & Kravetz,* attorneys), for respondent.

### OPINION OF THE COURT

SULLIVAN, J. P.

This appeal presents the issue of whether a for-cause termination of a dealership agreement can be litigated in the judicial forum in the face of contractual provisions providing

that arbitration shall be the exclusive remedy in the event the dealer contests the termination and requiring that a demand for such arbitration be made within 60 days after receipt of the notice of termination. It is undisputed that no such demand was ever made in the time specified.

The parties' dealership agreement, under which plaintiff was to sell, install and service cash registers and related equipment manufactured by defendant, was for an initial period of three years and subject to automatic renewal for additional three-year periods. Approximately one year after the agreement had been renewed for a second time, defendant, by letter dated July 28, 1986, notified plaintiff that it was terminating the agreement pursuant to paragraph 5 (c) thereof (terminations for cause) which provided that the agreement could be terminated for certain specified reasons upon 30 days' written notice. With respect to terminations pursuant to paragraph 5 (c), the contract provided that arbitration was the "exclusive remedy, should [plaintiff] elect to contest the termination action taken by [defendant]." The contract further required that any demand for arbitration be submitted within 60 days after receipt of notice of termination pursuant to paragraph 5 (c). The agreement could also be terminated by either party without cause at the end of any three-year period. In such a case, defendant was required to pay plaintiff an amount calculated pursuant to a buyout formula set forth in the agreement. More than three years later, plaintiff, which had failed to demand arbitration within the contractual limitation period, commenced this action, alleging five causes of action, all premised on the wrongful termination of the agreement and seeking buy-out payments to which it was allegedly entitled in the event of a termination without cause at the end of a three-year renewal period.

■ Plaintiff's claims are barred by the contractual provision making arbitration plaintiff's "exclusive remedy, should [it] elect to contest the termination action taken by [defendant]," and the contractual requirement that any demand for arbitration "to determine whether the termination action taken pursuant to paragraph [5 (c)] of the agreement [terminations for cause]" be submitted within 60 days after receipt of the notice of termination. While the agreement provided that it be construed in accordance with Massachusetts law, the IAS Court erred in concluding that defendant's argument that the action was barred by the contractual limitation period for arbitration "has not been demonstrated to have merit under

Massachusetts law." In so ruling, the IAS Court skewed the burden of proof. Since a contract is presumed to be valid and enforceable (*see, Dias v Tire Mart,* 27 Misc 2d 24, 33, *mod on other grounds* 18 AD2d 978, *affd* 14 NY2d 637), defendant is entitled to summary judgment unless plaintiff can show that the clear and unequivocal contractual limitation period for arbitration would not be enforceable under Massachusetts law. Plaintiff has made no such showing.

■ Plaintiff also argues that arbitration was not its exclusive remedy and that the arbitration provision was "not a general arbitration clause." Arbitration was, however, the exclusive remedy by which plaintiff could challenge a termination pursuant to paragraph 5 (c) of the agreement, the method of termination that defendant elected.* And while plaintiff could arguably litigate certain contractual claims in a judicial forum, the causes of action alleged in the complaint are all premised on wrongful termination pursuant to paragraph 5 (c) and are thus all claims that clearly can only be resolved by arbitration.

■ Finally, there is no merit to plaintiff's argument that defendant "waived the right to * * * bar [plaintiff's] claims, since it failed to plead arbitration as an affirmative defense in its answer and participated in the litigation." (*See,* CPLR 3018 [b].) As there has been no arbitration and award, defendant is obviously not relying on that as an affirmative defense or as a basis for dismissal of the action. Defendant's claim is, rather, that plaintiff's failure to contest the termination action by demanding arbitration within 60 days, as required by the agreement, requires dismissal. This claim rests on the pleadings and does not raise a new factual issue dehors the contract sued upon. (*See, Stevens v Northern Lights Assocs.,* 229 AD2d 1001, 1002.) In that regard, it is not the same as a Statute of Limitations defense, which must be pleaded affirmatively or made the subject of a preanswer motion (CPLR 3211 [a] [5]; [e]). Thus, the requirement of CPLR 3018 (b) that "[a] party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact

---

* Plaintiff asserts that defendant decided to terminate the agreement prematurely and claims that the termination was claimed to be for cause only because it did not want to pay plaintiff pursuant to the buy-out formula. Since, however, the termination, on its face, was for cause, the question whether the termination was in accordance with the agreement could only be challenged in an arbitration. We note, without deciding, that under the contract plaintiff is not entitled to the buyout. Its only remedy for an improper termination would be reinstatement.

not appearing on the face of a prior pleading" does not apply. (*See, Stevens v Northern Lights Assocs., supra,* at 1002.)

Nor does defendant's participation in the litigation preclude it from asserting that the arbitration provision bars plaintiff's claims. While the affirmative use of the judicial process may, in some circumstances, constitute a waiver of the right to proceed to arbitration (*De Sapio v Kohlmeyer,* 35 NY2d 402, 405), defendant is not seeking to have the dispute submitted to arbitration. As noted, defendant's claim, rather, is that, having failed to contest the termination in a timely manner, plaintiff may avail itself of neither the judicial nor the arbitral forum.

Accordingly, the order of the Supreme Court, New York County (Richard Lowe, III, J.), entered July 7, 1997, which, *inter alia,* denied defendant's motion for summary judgment, should be reversed, on the law, with costs and disbursements, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

ROSENBERGER, WALLACH, TOM and SAXE, JJ., concur.

Order, Supreme Court, New York County, entered July 7, 1997, reversed, on the law, with costs and disbursements, defendant's motion for summary judgment dismissing the complaint granted, and the complaint dismissed.