■ WILLIAM SCHMAL, Respondent, v GARY McCULLA et al., Appellants. [711 NYS2d 7] —Order, Supreme Court, New York County (Charles Ramos, J.), entered on or about July 26, 1999, which, insofar as appealed from, denied defendants' cross-motion for summary judgment and referred the matter to arbitration, unanimously affirmed, without costs.

In 1991, plaintiff and defendants established a business with its principal place of business at 252 West 29th Street in Manhattan. The business, named Metronetwork, was governed by an agreement, signed by each party, providing for various responsibilities, with each shareholder to receive 25% of the profits. Unbeknownst to plaintiff, though, defendants and others at the same time established a competing business, Global Network Communications, with its principal place of business at the same building, floor and even suite as Metronetwork. Plaintiff alleges that after he was transferred to a Metronetwork New Jersey office, the defendants intentionally diverted

business from Metronetwork to Global Network Communications, of which he learned only in 1996. Plaintiff sued defendants in 1997, asserting two causes of action sounding in breach of contract and fraud. Defendants' answer asserted lack of personal jurisdiction and failure to state a cause of action, and a motion and cross-motion, each for summary judgment, respectively, ensued. In defendants' cross-motion, in addition to challenging the pleadings, they relied on the arbitration clause of the underlying agreement to require dismissal of the plenary action. The arbitration clause also contained a provision requiring that any claim arising under the contract must be raised within one year. The IAS Court gave effect to the arbitration clause and dismissed the complaint to the extent of referring the matter to arbitration. The court concluded that defendants' failure to interpose the putative Statute of Limitations defense in the pleadings resulted in its waiver.

These parties clearly agreed to submit any disputes arising under the subject agreement to arbitration as the exclusive remedy, and we give effect to their agreement (*Island Cash Register v Data Term. Sys.*, 244 AD2d 117). To this extent we agree with the IAS Court. However, the court was incorrect in construing the one year contractual limitations period set forth in the agreement as a Statute of Limitations bar for purposes of waiver. Although the viability of a Statute of Limitations defense requires assertion either in a pre-answer CPLR 3211 motion to dismiss or as an objection in responsive pleadings (CPLR 3211 [e]; *Held v Kaufman*, 91 NY2d 425), the statute, by its terms, does not apply to what is only a contractual, and not a statutory, provision. Under paragraph 12 of the agreement, rather, waiver of any provision may only be accomplished in a writing signed by the party to be charged, a condition not present. As such, the condition precedent in paragraph 13 that any arbitration be instituted within one year of the claim or controversy could be given effect. If that condition were met, then the bar would be absolute (*Island Cash Register v Data Term. Sys., supra*).

That being said, though, we cannot determine on this record the factual underpinning of defendants' claim that the one year period has elapsed. There is some indication in an affidavit that plaintiff was alerted in 1991 that business might have been diverted from the company, but under these circumstances, without further factual development, we would not give that statement binding effect. The complaint, without elaboration, contends that plaintiff was aware of the diversion only in 1996. However, in view of the present absence of factual

averments in support of that contention there is an inadequate basis upon which to give effect to this date. Arguably, an arbitrator might even conclude, assuming a proper factual foundation, that the diversion and other wrongful conduct had continued up to that time, regardless of when it had started, bringing at least some of the conduct within the appropriate time period. There also may be a plausible argument as to pre-1996 conduct that defendants' success in concealing their conduct from plaintiff ought not provide a basis to reward them for such success by foreclosing plaintiff's only remedy; this would provide a possible basis for estoppel. However, these matters, as well as determination of the adequacy of the pleadings, are best left to resolution in the arbitration proceeding. Concur—Williams, J. P., Tom, Lerner, Andrias and Friedman, JJ.