■ Susan Brady, Appellant, et al., Plaintiff, v 5644 Avenue U Associates, L.P., et al., Respondents, et al., Defendant. [737 NYS2d 640] —In an action to recover damages for personal injuries, etc., the plaintiff Susan Brady appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated April 19, 2001, as granted the separate motions of the defendants 5644 Avenue U Associates, L.P., and John Monteleone for summary judgment dismissing the complaint insofar as asserted against them, and denied her cross motion, inter alia, to vacate the discharge of

the defendant John Monteleone as the receiver of the property of the defendant 5644 Avenue U Associates, L.P.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff Susan Brady (hereinafter the plaintiff) allegedly sustained personal injuries on March 27, 1994, when she tripped and fell due to a defective condition in the parking lot at premises located at Avenue U and East 58th Street in Brooklyn. In August 1995 the plaintiffs commenced this action against, among others, 5644 Avenue U Associates, L.P. (hereinafter Associates). At all times relevant to this action, Associates owned the subject property. However, in March 1993 the property went into receivership, and the defendant John Monteleone (hereinafter the receiver) was appointed as receiver. The order appointing the receiver prohibited Associates, inter alia, from interfering with the possession or management of the subject property. The receiver was discharged by an order of the Supreme Court, Kings County, dated January 31, 1995. In January 1999 the plaintiffs joined the receiver as a defendant. The Supreme Court granted the defendants' separate motions for summary judgment. We affirm.

Where an owner of property is no longer in possession and control of the property, and retains no right to re-enter for purposes of inspection and repair, the owner cannot be held liable for defects in the property (*see, Mazurick v Chalos,* 172 AD2d 805, 806). At the time of the accident, a year after the receiver had been appointed, Associates had been divested of possession and barred from taking any role in the management of the property. These facts sufficed to make out a prima facie case of entitlement to summary judgment which the plaintiffs did not controvert by providing evidentiary proof in admissible form sufficient to require a trial (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Gomez v Walton Realty Assoc.,* 258 AD2d 307, 308). Therefore, Associates was properly granted summary judgment.

Further, the Supreme Court properly granted the receiver's motion to dismiss the complaint. Codefendants are "united in interest" when one defendant is responsible for the acts or omissions of the other (*cf., Prudential Ins. Co. v Stone,* 270 NY 154). "[I]nterests will be united * * * only where one is vicariously liable for the acts of the other" (*Connell v Hayden,* 83 AD2d 30, 45). The plaintiffs failed to establish any vicarious responsibility and therefore cannot invoke the relation-back doctrine pursuant to CPLR 203 (b). Accordingly, the receiver's

motion was properly granted based upon the statute of limitations.

In view of the foregoing, the plaintiff's cross motion, inter alia, to vacate the discharge of the receiver, was properly denied.

The plaintiff's remaining contentions either are unpreserved for appellate review or without merit. Friedmann, J.P., Schmidt, Adams and Crane, JJ., concur.