■ Mary Jo Bertolino et al., Respondents, v Town of North Elba, Appellant. [791 NYS2d 204]—

Mugglin, J. Appeal from an order of the Supreme Court (Dawson, J.), entered February 19, 2004 in Essex County, which, inter alia, granted plaintiff's motion to amend the complaint.

Plaintiff Mary Jo Bertolino was injured when she slipped and fell on an exterior stairway on February 18, 2001 at a ski-jumping center owned by defendant and operated by the New York State Olympic Regional Development Authority (hereinafter ORDA). On May 16, 2001, plaintiffs served a notice of claim on defendant, ORDA and the State of New York, captioned in Supreme Court, Essex County, and also served a notice of intention to file a claim in the Court of Claims as to the same three entities. On May 20, 2002, plaintiffs commenced this Supreme Court action against defendant only. On August 23, 2002, plaintiffs commenced an action against the State of New York and ORDA in the Court of Claims.[1] In November 2003, plaintiffs sought leave in Supreme Court to serve an amended complaint to add ORDA as an additional defendant. Defendant opposed the proposed amendment, alleging that the joinder of ORDA

---

1. A motion to dismiss that claim for, among other things, an alleged lack of subject matter jurisdiction based upon our decision in *Plath v New York State Olympic Regional Dev. Auth.* (304 AD2d 885 [2003]) is reportedly pending in the Court of Claims.

was untimely, and cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiffs' motion to amend the complaint and denied defendant's cross motion for summary judgment, prompting the instant appeal by defendant.

We reverse. Public Authorities Law § 2622 (2) provides that "no action shall be commenced [against ORDA] . . . more than one year and [90] days after the cause of action therefor shall have accrued." Plaintiffs' action accrued on February 18, 2001 (*see Mehlenbacher v Swartout*, 289 AD2d 651, 652 [2001]). Thus, any action in Supreme Court against ORDA not commenced on or before May 20, 2002[2] is barred, unless the relation back doctrine applies (*see* CPLR 203). To assert this doctrine to add a new defendant, three conditions must be satisfied: " '(1) both claims arose out of [the] same conduct, transaction or occurrence, (2) the new party is "united in interest" with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he [or she] will not be prejudiced in maintaining his [or her] defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him [or her] as well' " (*Buran v Coupal*, 87 NY2d 173, 178 [1995], quoting *Brock v Bua*, 83 AD2d 61, 69 [1981]; *accord De Sanna v Rockefeller Ctr.*, 9 AD3d 596, 597-598 [2004]).

Turning to the second condition, the principles applicable to vicarious liability are often a useful analytic tool in assessing whether parties are united in interest (*see Mondello v New York Blood Ctr.*, 80 NY2d 219, 226 [1992]; *De Sanna v Rockefeller Ctr.*, *supra* at 598), and we find those principles pertinent herein. By lease, defendant relinquished all possession and control of the property (except the limited right to reenter for purposes of inspection without "authority nor attempt to interfere with the operation, maintenance or the conduct of any events of the facilities") and, therefore, may not be held vicariously liable for defects in the property (*see Brady v 5644 Ave. U Assoc.*, 291 AD2d 523, 524 [2002]; *Mazurick v Chalos*, 172 AD2d 805, 806 [1991]). It is apparent that the interest of defendant (a lessor out of possession and reserving no control) and ORDA are not " 'such that they stand or fall together and that judgment against one will similarly affect the other' " (*Mondello v New York Blood Ctr.*, *supra* at 226, quoting *Prudential Ins. Co. v Stone*, 270 NY 154, 159 [1936]). Plaintiffs failed to establish a unity of interest between defendant and ORDA.

As to the third condition, plaintiffs made no mistake as to the

---

**2.** May 19, 2002, the actual expiration date, was a Sunday.

identity of the proper parties as is evident from the notice of claim that plaintiffs served on May 16, 2001 naming ORDA as a party defendant in Supreme Court, Essex County. Plaintiffs, nevertheless, argue that ORDA can demonstrate no prejudice if amendment is allowed, but that plaintiffs have been prejudiced by a subsequent change in the law. We are unpersuaded. Absent a unity of interest between ORDA and defendant, prejudice is not a relevant consideration under the second element of the relation back doctrine. Moreover, plaintiffs' argument that they relied on *Plath v New York State Olympic Regional Dev. Auth.* (190 Misc 2d 198 [2002], *revd* 304 AD2d 885 [2003])[3] as authorizing commencement of an action against ORDA in the Court of Claims prior to our reversal should result in the exercise of our judicial discretion to permit the amendment of their complaint. We find this argument lacks merit because the Court of Claims decision, relied on by plaintiffs, recognizes that actions against ORDA, which occur on premises not at Gore Mountain or at state-owned facilities, can still be maintained in Supreme Court as well as in the Court of Claims. Our decision was only that the Court of Claims lacked jurisdiction unless the claim arose out of ORDA's operation of Gore Mountain or a state-owned facility. Moreover, the underlying statute has not changed since its 1994 amendment (*see* Public Authorities Law § 2622 [4]). In sum, the statute of limitations has run, the relation back doctrine does not apply, and Supreme Court should not have granted leave to amend to add ORDA as a party defendant in this action.

As a final matter, we find that Supreme Court erroneously concluded that defendant did not shift the summary judgment burden to plaintiffs. Where a property owner relinquishes possession and control and retains no right to reenter to inspect *and* repair, the owner is no longer liable for defects in the property (*see Brady v 5644 Ave. U Assoc., supra* at 524). Defendant's evidentiary submission of its lease with ORDA establishes that defendant has relinquished all possession and control of the premises and has retained no right to make repairs. Moreover, the affidavit of defendant's employee establishes that no one on behalf of defendant has any role in "construction, maintaining, inspecting or otherwise monitoring the site of [Bertolino's] accident." In response, plaintiffs merely argued that additional discovery was necessary because defendant permitted ORDA employees to take sand and salt from its stockpile across the

3. This decision was reversed (*Plath v New York State Olympic Regional Dev. Auth.*, 304 AD2d 885 [2003]) after the statute of limitations in this action expired.

road for use on the leased premises, as needed. Even if such evidence was further developed by deposition of employees of either defendant or ORDA, it would be insufficient to create a triable issue of fact regarding defendant's control of the premises. Thus, defendant was entitled to summary judgment dismissing the complaint.

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, plaintiffs' motion denied, defendant's cross motion granted, summary judgment awarded to defendant and complaint dismissed.