■ RICHARD MONGARDI, Appellant, v BJ's WHOLESALE CLUB, INC., Respondent, et al., Defendant. [846 NYS2d 441]—

Carpinello, J. Appeals (1) from an order of the Supreme Court (Aulisi, J.), entered March 6, 2006 in Warren County, which, among other things, granted a motion by defendant BJ's

Wholesale Club, Inc. for summary judgment dismissing the complaint against it, and (2) from an order of said court, entered June 28, 2006 in Warren County, which denied plaintiff's motion for reconsideration.

On November 25, 2000, plaintiff allegedly fell and injured himself inside a store known as BJ's Wholesale Club in the Town of Wilton, Saratoga County. On November 10, 2003, he filed a summons and complaint naming BJ's Warehouse Club, Inc. as a defendant and alleging that this entity owned and operated the store in which he fell. On March 1, 2004, he filed an amended complaint omitting BJ's Warehouse as a defendant, naming defendant BJ's Wholesale Club, Inc. (hereinafter defendant) as a defendant and alleging that it owned and operated the subject store. It is undisputed that the amended complaint substituting defendant for BJ's Warehouse was filed without court permission and beyond the statute of limitations period.

Defendant thus moved for summary judgment on statute of limitation grounds, and plaintiff cross-moved for permission to amend his complaint by substituting defendant for BJ's Warehouse pursuant to the relation back doctrine. Supreme Court granted defendant's motion and dismissed the complaint against it. It also denied plaintiff's subsequent motion to renew and reargue. Plaintiff now appeals from both orders.

In support of summary judgment, defendant sufficiently established that the action was commenced against it after the statute of limitations had expired (*see* CPLR 214 [5]). Plaintiff sought to avoid dismissal by establishing that amendment of the complaint should have been permitted under the relation back doctrine (*see* CPLR 203 [b]; *Buran v Coupal*, 87 NY2d 173, 177 [1995]). In order to avail himself of the benefits of this doctrine, a three-pronged test needed to be satisfied, namely, that (1) both claims must arise out of the same occurrence, (2) defendant and BJ's Warehouse were united in interest, and by reason of that relationship can be charged with notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits, and (3) defendant knew or should have known that, but for a mistake by plaintiff as to the identity of the proper party, the action would have been brought against it as well (*see Buran v Coupal*, 87 NY2d at 178). The second prong was clearly not established by plaintiff.

Unity of interest is demonstrated "when the interest of the parties in the subject-matter is such that they [will] stand or fall together and that judgment against one will similarly affect the other" (*De Sanna v Rockefeller Ctr., Inc.*, 9 AD3d 596, 598 [2004] [internal quotation marks and citations omitted]). To be

sure, this prong is "more than a notice provision" (*Zehnick v Meadowbrook II Assoc.*, 20 AD3d 793, 796 [2005], *lv dismissed and denied* 5 NY3d 873 [2005]) and requires a showing that the new and original defendants are "vicariously liable for the acts of the other" (*id.* at 797 [internal quotation marks and citation omitted]; *see Bertolino v Town of N. Elba*, 16 AD3d 805, 806 [2005]; *De Sanna v Rockefeller Ctr., Inc.*, 9 AD3d at 598; *L & L Plumbing & Heating v DePalo*, 253 AD2d 517, 518 [1998]).

Here, defendant submitted evidence establishing that it is a Delaware corporation with its principal office in Natick, Massachusetts, that BJ's Warehouse is a Nevada corporation with its principal office in Wilmington, Delaware and, more importantly, that there is no corporate, business or ownership relationship between these two entities in New York. Plaintiff submitted no proof to demonstrate the contrary. In particular, he failed to establish that these entities are even associated in this state and/or vicariously liable for the acts of each other. Thus, we find that plaintiff failed to establish a unity of interest between defendant and BJ's Warehouse (*see Security Mut. Ins. Co. v Black & Decker Corp.*, 255 AD2d 771, 773 [1998]; *see also Brady v 5644 Ave. U Assoc.*, 291 AD2d 523, 524 [2002]).

We further note that plaintiff was at all times aware of the identity of the proper party as evidenced by his former attorney's correspondence with defendant (i.e., BJ's Wholesale, as opposed to BJ's Warehouse) at its Natick address on various occasions prior to commencing this action (*see e.g. Contos v Mahoney*, 36 AD3d 646, 647-648 [2007]; *Bertolino v Town of N. Elba*, 16 AD3d at 806-807). Nor can the error be considered a mere misnomer on plaintiff's part such that he can avail himself of the benefits of CPLR 305 (c) (*see Hart v Marriott Intl.*, 304 AD2d 1057, 1059 [2003]; *Security Mut. Ins. Co. v Black & Decker Corp.*, 255 AD2d at 772-773; *Potamianos v Convenient Food Mart*, 197 AD2d 734, 735-736 [1993]). In sum, the statute of limitations has run against defendant, plaintiff cannot avail himself of the relation back doctrine and Supreme Court properly dismissed the complaint against it.

Finally, the denial of plaintiff's motion to reargue is not appealable (*see e.g. Ault v Richman*, 299 AD2d 613, 615 [2002]) and we find no abuse of discretion in Supreme Court's decision to deny his motion to renew.

Mercure, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the orders are affirmed, with costs.