■ PETER MARTIN, Respondent, v CITIBANK, N.A., Appellant.
[883 NYS2d 483]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered December 18, 2008, which, to the extent appealed from as limited by the briefs, denied defendant's motion for partial summary judgment limiting plaintiff's damages to $42,500, pursuant to a provision allegedly contained in the safe deposit box lease agreement which plaintiff signed, affirmed, without costs.

On or about January 10, 2001, plaintiff executed a lease agreement with defendant for a safe deposit box. Plaintiff now seeks to recover for alleged losses from the box and defendant seeks to cap plaintiff's damages based on a limitation of liability provision purportedly contained in the agreement. Plaintiff maintains that he was not given all of the pages of the agreement, including the page containing the liability limitation clause, and thus he never had the opportunity to read that provision.

A party to a contract is not relieved from the contract's provisions by asserting that he or she failed to read it (*see Florence v Merchants Cent. Alarm Co.*, 51 NY2d 793, 795 [1980]; *Pimpinello v Swift & Co.*, 253 NY 159, 162-163 [1930]). Here, however, plaintiff contends that the agreement which he signed did not include the page containing the liability limitation, and that he was not given a copy of that page. Although defendant introduced a multipage document purporting to be the contract plaintiff signed, defendant's employee who rented the box to plaintiff could not recall whether all of the pages of that agreement were actually given to plaintiff.

The record contains other evidence which, when viewed in the light most favorable to the plaintiff and affording him every favorable inference (*see Johnson v Goldberger*, 286 AD2d 604, 606 [2001]), lends support to plaintiff's contention that he was

not provided the complete lease agreement. First, the agreement produced by defendant in this litigation is missing the sixth page. Although defendant now claims, without any citation to the record, that this missing page is actually the signature card, defendant's employee did not know what information was contained on the sixth page.

In addition, pages two and three of the agreement produced by defendant are not initialed by either plaintiff or defendant, and the blank space on page three that is intended to contain defendant's address for notice purposes is not filled in. On the other hand, all of the pages plaintiff admits having seen have writing on them. Finally, the staple was removed from the lease agreement defendant produced, raising an issue of fact as to whether the integrity of the document was compromised. Based on this evidence, we find that plaintiff has raised a triable issue of fact regarding whether or not he was given the entire agreement.

Although we do not disagree with the dissent's recitation of the general principle that a party's failure to read a contract does not excuse him or her from its terms, the critical distinction here is that plaintiff contends that he never received the full agreement and thus could not have read the limitation of liability clause. Although the dissent suggests that plaintiff's claim is not believable, the record contains more than plaintiff's bare assertion. Plaintiff's position in this litigation is buttressed by defendant's employee's inability to recall whether plaintiff received the entire agreement, along with other evidence suggesting that plaintiff may not have received all of the pages. On a motion for summary judgment, the court's function is issue finding, not issue determination, and any questions of credibility are best resolved by the trier of fact (*see Rodriguez v Parkchester S. Condominium*, 178 AD2d 231 [1991]). Concur—Catterson, Renwick and Richter, JJ.

Tom, J.P., and Nardelli, J., dissent in a memorandum by Nardelli, J., as follows: I would reverse the court's order, and grant defendant partial summary judgment limiting plaintiff's damages to $42,500, and thus respectfully dissent.

It is a fundamental axiom of contract law that "a party who signs a document is conclusively bound by its terms absent a valid excuse for having failed to read it" (*Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 304 [2001]; *see also Pimpinello v Swift & Co.*, 253 NY 159 [1930]).

The record clearly demonstrates that on January 10, 2001, when plaintiff leased a safe deposit box at one of the defendant

bank's branches, he signed a lease which stated, on page four, in relevant part, in block letters: **"RECEIPT OF A COPY OF THIS LEASE IS HEREBY ACKNOWLEDGED."**

At the bottom of the page was the recitation, "Page 4 of 6." Page two of the lease, on which was recited "Page 2 of 6," contained the following limitation of liability: "You agree that our total liability for any loss or damage resulting from our negligence will be limited to an amount not exceeding five hundred (500) times the annual rent for the Box." In this case, since the annual rental at the time of the alleged loss was $85, the applicable limitation is $42,500.

Plaintiff, despite confirming that he signed the agreement, claims that he never received page two, and thus seeks to avoid the limitation. Yet, the page he signed, and acknowledges receiving, clearly indicates that there were other pages to the agreement. "Since plaintiff was competent to execute the . . . agreement, and no fraud is alleged, he is responsible for his signature and is bound to read and know what he signed" (*Beattie v Brown & Wood*, 243 AD2d 395 [1997]). His averment, made years later, and only after a loss, that he did not receive the page, cannot be accepted as a valid excuse for avoiding the constraints of fundamental contract law.

The majority finds it significant that the bank employee with whom plaintiff dealt when he first opened the safe deposit box "could not recall whether all of the pages of that agreement were actually given to plaintiff." Yet, the box was first leased on January 10, 2001, and the employee's deposition occurred on August 23, 2007, 6½ years later. If the employee actually testified that he remembered giving plaintiff all the documents, his testimony would be incredible, in view of all the transactions in which he must have been involved during the intervening time.

The salient fact is that plaintiff signed a document indicating that he had received a lease. If he did not receive the full document, he should have raised an objection at the time, and not complain years later.

Furthermore, the absence of an initial on pages two and three of the bank's copy is not, it is submitted, determinative of anything, since page one is not initialed either. Likewise, the absence of a staple from the document is inconsequential as to whether plaintiff registered a protest, as he should have, at the time he signed the lease with a certification that he had received a multipage document.

In sum, since plaintiff has offered no excuse as to why he did not inquire in 2001 about the purported missing pages, I see no reason to depart from the principle, enunciated above, that a

party who signs a document is conclusively bound by its terms. [*See* 2008 NY Slip Op 33398(U).]