■ PAUL ROWLAND, Appellant, v WILMORITE, INC., Respondent. [891 NYS2d 840]—

Memorandum: Plaintiff commenced this action alleging, as limited by his brief on appeal, that defendant's violation of Labor Law § 240 (1) caused him to fall from a ladder while performing electrical work at a mall. Supreme Court properly granted defendant's motion for summary judgment dismissing the amended complaint. We reject plaintiff's contention that defendant, the construction manager on the project, was liable pursuant to Labor Law § 240 (1) as an agent of the mall's owner, Great Eastern Mall, LP (Great Eastern). "Defendant established as a matter of law that it was not an agent of the owner because the owner had not delegated to it the authority to supervise and control plaintiff's work" (*Phillips v Wilmorite, Inc.*, 281 AD2d 945, 946 [2001]; *see Bateman v Walbridge Aldinger Co.*, 299 AD2d 834, 835 [2002], *lv denied* 100 NY2d 502 [2003]), and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We reject the further contention of plaintiff that the motion was premature because he had not completed discovery. Plaintiff

"failed to demonstrate that facts essential to oppose the motion were in [defendant's] exclusive knowledge and possession and could be obtained by discovery" (*Franklin v Dormitory Auth. of State of N.Y.*, 291 AD2d 854, 854 [2002]). The record establishes that plaintiff had ample opportunity for discovery prior to the motion and, in any event, "[a] mere hope that somehow plaintiff[ ] will uncover evidence that will prove [his] case is not sufficient to defeat a motion for summary judgment" (*Babcock v Allan*, 115 AD2d 297, 298 [1985]).

Contrary to the contention of plaintiff, the court properly denied that part of his cross motion seeking leave to amend the amended complaint by adding Great Eastern as a defendant. Because the statute of limitations had expired with respect to plaintiff's proposed claims against Great Eastern, plaintiff would be permitted to add Great Eastern as a defendant only if he could establish the applicability of the relation back doctrine (*see* CPLR 203 [b]; *Buran v Coupal*, 87 NY2d 173, 177-178 [1995]). Here, plaintiff failed to establish the second of the three prongs of that doctrine, i.e., that defendant and Great Eastern were united in interest such that Great Eastern could be charged with notice of the action and thus would not be prejudiced in maintaining a defense on the merits (*see Mongardi v BJ's Wholesale Club, Inc.*, 45 AD3d 1149, 1150 [2007]). To demonstrate unity of interest, plaintiff had to establish that defendant and Great Eastern could be held vicariously liable for each other's acts (*see id.* at 1151). In support of his cross motion, however, plaintiff submitted the contract between defendant and Great Eastern as well as the deposition testimony of an agent of defendant establishing that the two corporations were not vicariously liable for each other's acts. Thus, plaintiff by his own submissions defeated his entitlement to the relief sought with respect to that part of his cross motion. Present— Hurlbutt, J.P., Smith, Fahey and Carni, JJ.