# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**423**

**CA 12-02025**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

---

M&T BANK, PLAINTIFF-RESPONDENT,

V                                                  MEMORANDUM AND ORDER

HR STAFFING SOLUTIONS, INC., ET AL., DEFENDANTS,
AND V. MICHAEL PRENCIPE, ALSO KNOWN AS VINCENT M.
PRENCIPE, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (BRENDAN H. LITTLE OF
COUNSEL), FOR DEFENDANT-APPELLANT.

GETMAN & BIRYLA, LLP, BUFFALO (PATRICK A. MAKIN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Frederick
J. Marshall, J.), entered December 27, 2011.  The judgment awarded
plaintiff money damages against defendant V. Michael Prencipe, also
known as Vincent M. Prencipe.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff made a $150,000 loan to defendant HR
Staffing Solutions, Inc. (HRS) that was guaranteed by defendants S.
Graham Atkinson, also known as Shaner G. Atkinson, and V. Michael
Prencipe, also known as Vincent M. Prencipe (defendant).  The loan was
evidenced by a Business Access Line of Credit Note, which was dated
January 5, 2007 and was executed by Atkinson in his capacity as
President of HRS.  The loan was secured by a General Security Agreement,
which was signed by both Atkinson and defendant on February 28, 2002.
When HRS defaulted on the loan, plaintiff commenced this action against
HRS, Atkinson and defendant.  HRS and Atkinson failed to answer the
complaint, and plaintiff obtained a default judgment against them.

In his answer, defendant denied signing the guaranty and contended
that, at the time he executed the document at issue, Atkinson had
provided him with only a signature page, telling him that it was "the
signature page to permit [HRS] to obtain a bank card."  Defendant thus
contended that the guaranty was invalid and unenforceable.  Although
defendant sent plaintiff a notice to depose plaintiff's "agents and/or
employees," plaintiff moved for summary judgment against defendant
before those depositions could be conducted.  Supreme Court properly
granted the motion.

Contrary to defendant's contention, the motion was not premature. "Defendant failed to demonstrate that facts essential to oppose the motion were in plaintiff's exclusive knowledge and possession and could be obtained by discovery" (*Franklin v Dormitory Auth. of State of N.Y.*, 291 AD2d 854, 854; *see* CPLR 3212 [f]; *Rowland v Wilmorite, Inc.*, 68 AD3d 1770, 1770-1771; *Brummer v Barnes Firm, P.C.*, 56 AD3d 1177, 1179). It is well settled that the "[m]ere hope that somehow the [defendant] will uncover evidence that will prove a [defense] provides no basis pursuant to CPLR 3212 (f) for postponing a determination of a summary judgment motion" (*Wright v Shapiro*, 16 AD3d 1042, 1043 [internal quotation marks omitted]; *see Rowland*, 68 AD3d at 1771; *Brummer*, 56 AD3d at 1179).

Even assuming, arguendo, that Atkinson failed to provide defendant with two out of the three pages of the guaranty and that Atkinson misrepresented the nature of the document to defendant, we nevertheless conclude that plaintiff is entitled to summary judgment against defendant. "Under long accepted principles one who signs a document is, absent fraud or other wrongful act of the other contracting party, bound by its contents" (*Da Silva v Musso*, 53 NY2d 543, 550; *see Manufacturers & Traders Trust Co. v S.W.U. Assoc.*, 105 AD2d 1118, 1119; *cf. Martin v Citibank, N.A.*, 64 AD3d 477, 477-478).

While defendant contends that Atkinson, who was defendant's business partner in HRS, was acting as an agent of plaintiff when he sought to procure defendant's signature on the guaranty, defendant provides no evidence to support that conclusory assertion (*see Koreska v United Cargo Corp.*, 23 AD2d 37, 41; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562). In any event, even assuming, arguendo, that defendant's contention is true, we conclude plaintiff nevertheless would be entitled to summary judgment because "defendant's duty to make inquiry and to read and understand the . . . guaranty [was not] diminished merely because [he] was provided with only a signature page before executing the agreement" (*Hotel 71 Mezz Lender LLC v Falor*, 64 AD3d 430, 430). Our conclusion is further buttressed by the fact that the single page that defendant admits signing specifically states that it is a guaranty making defendant personally liable for the "Borrower's" obligations. The words guaranty and guarantor appear 25 times on that single page and, further, the following statement appears in bold, capital letters just below his signature: "For purposes of this agreement 'obligations' is not limited to presently existing indebtedness, liabilities and obligations." In our view, the alleged misrepresentation made by Atkinson, even if he were acting as plaintiff's agent, conflicted with the unambiguous terms of the document defendant admits receiving and signing and is thus "insufficient to raise a triable issue of fact as to whether [defendant] intended to bind himself . . . or was fraudulently induced to sign the . . . document[]" (*HSBC Bank USA, N.A. v Laniado*, 72 AD3d 645, 645-646; *see North Fork Bank v ABC Merchant Servs., Inc.*, 49 AD3d 701, 701-702; *Chemical Bank v Masters*, 176 AD2d 591, 591-592; *Chase Lincoln First Bank v Mark Homes*, 170 AD2d 995, 995-996).

Defendant's reliance on *Martin* (64 AD3d at 477-478) is misplaced. In that case the plaintiff was not aware that pages were missing from the document given to him by the defendant's employee, and the only

evidence of the clause the bank sought to enforce was on the missing page.  Here, however, defendant was aware that he had not been given the entire document and chose to rely, to his detriment, on the alleged representations of his business partner despite the clear and unambiguous language to the contrary on the page he did, in fact, receive.  As we stated in *Manufacturers & Traders Trust Co.* (105 AD2d at 1119), " '[i]f the signer could read the instrument, not to have read it was gross negligence; if he could not read it, not to procure it to be read was equally negligent; in either case the writing binds him' (*Pimpinello v Swift & Co.*, 253 NY 159, 162-163)."

Entered:  May 3, 2013                                    Frances E. Cafarell
                                                        Clerk of the Court