Abacus Clinton LLC, Petitioner-Landlord-Appellant, 
against
Isidro Ramos, Respondent-Respondent, -and- "John Doe" and "Jane Doe," Respondents.



Petitioner appeals from 1) an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), dated January 25, 2018, which permitted respondent to assert a defense that he is a tenant of the premises; 2) an order (same court and Judge), dated March 12, 2018, which denied petitioner's motion to vacate a notice to admit; and 3) a final judgment (same court and Judge), entered on or about April 24, 2018, after a nonjury trial, which dismissed the petition in a holdover summary proceeding.




Per Curiam.
Final judgment (Jack Stoller, J.), entered on or about April 24, 2018, affirmed, with $25 costs. Appeals from orders (Jack Stoller, J.), dated, respectively, January 25, 2018 and March 12, 2018, dismissed, without costs, as subsumed in the appeal from the final judgment.
Although respondent did not timely interpose an answer, it is clear from the record that respondent always intended to contest this licensee holdover proceeding on the merits, given that his attorney appeared on every scheduled court date and previously served an answer that was rejected as untimely. Given the absence of any demonstrable prejudice to petitioner, as well as the public policy favoring a disposition on the merits, the court did not abuse its discretion in deeming respondent to have answered the petition alleging that he is a tenant of the premises (see Trust Mtge., LLC v Andrews, 154 AD3d 547 [2017]). We note in this regard, that respondent was not required to plead his tenancy status as an affirmative defense in a licensee holdover proceeding (see CPLR 3018[a]; Morita v Kawasumi, NYLJ, March 23, 1998, at 28, col 2 [App Term, 1st Dept 1998]), and could have raised the tenancy issue even if his answer was deemed to be a mere general denial (see Island Cash Register v Data Term. Sys., 244 AD2d 117, 120-121 [1998]; Stevens v Northern Lights Assoc., 229 AD2d 1001, 1002 [1996]).
Nor was there any abuse of discretion in the denial of petitioner's motion for a protective order with respect to the notice to admit. The court had the discretion to allow service of a notice [*2]to admit beyond three days before the petition was noticed to be heard (see CPLR 408). Furthermore, the notice to admit, which sought to establish the genuineness of eight documents generated and/or mailed by petitioner, was not burdensome.
The petition was properly dismissed after trial. A fair interpretation of the evidence supports the trial court's finding that petitioner recognized respondent as a tenant of the premises through a "litany of serial, affirmative, unforced acts" (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]). The record shows that petitioner registered respondent as the stabilized tenant of the subject premises for three years, billed respondent for rent and accepted rent payments from him, commenced a nonpayment proceeding alleging that respondent was a tenant in possession under a lease agreement with landlord, and offered respondent a lease renewal (see UHAB HDFC v Diaz, 10 Misc 3d 130[A], 2005 NY Slip Op 51957[U] [App Term, 1st Dept 2005]; City of New York v Utsey, 185 Misc 2d 715 [App Term, 2nd Dept, 2d & 11th Jud Dists 2000]). Consequently, a licensee holdover proceeding predicated upon a 10-day notice to quit (see RPAPL 713[7]), does not lie. 
We have examined petitioner's remaining contentions and find them to be without merit.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.


Clerk of Court
Decision Date: October 9, 2019