## Matter of Stapleton

2024 NY Slip Op 31055(U)

March 27, 2024

Surrogate's Court, New York County

Docket Number: File No. 2016-3795/C

Judge: Hilary Gingold

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

New York County Surrogate's Court
DATA ENTRY DEPT.

MAR 2 7 2024

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------x
Petition by the Executor of the Estate of

ANTHONY P. STAPLETON,

                Deceased,

for Turnover of the Value of Harlem Properties Pursuant to
SCPA 2103
-------------------------------------------------------------------------x
G I N G O L D, S .

DECISION & ORDER

File No. 2016-3795/C

       The following papers were read in determining this motion:

| | Papers Numbered |
|---|---|
| Notice of Motion – Affirmation of Jonathan G. Kortmansky And Exhibits – Memorandum of Law | 1-3 |
| Notice of Cross-Motion – Affidavit of Eric J. Sarner and Exhibits – Affirmation of Robert C. Santoro and Exhibits – Memorandum of Law | 4-7 |
| Memorandum of Law in Further Support | 8 |
| Respondents' Memorandum of Law in Further Support | 9 |

       Petitioner, as the executor of decedent's estate, commenced this miscellaneous proceeding (SCPA 2103) seeking the turnover of decedent's interest in Cogswell Realty Group, LLC ("Cogswell") pursuant to the terms of Cogswell's operating agreement. Petitioner now moves for partial summary judgment seeking a court order interpreting the meaning of certain terms used in the operating agreement which would determine the value of petitioner's interest in Cogswell. Respondent opposes the motion and cross-moves for summary judgment seeking an order holding that Cogswell's valuation of decedent's membership interest pursuant to its operating agreement is final and binding on petitioner.

1

Cogswell is a New York based real estate investment company which was founded in 1996 by decedent and respondents. Decedent died on July 30, 2016, and his surviving spouse was appointed executor of his estate on October 21, 2016. The company's operating agreement, as amended and restated on January 1, 2004 ("Operating Agreement") provides that upon the death of a founding member, such as decedent, his estate is entitled to a buy-out of the member's shares by Cogswell's remaining founding members. The parties, however, were unable to agree on a purchase price and on March 15, 2018, petitioner filed this proceeding pursuant to SCPA 2103 to compel respondents to turnover to the estate approximately $1.3 million, a sum which petitioner claims is the value of decedent's interest in Cogswell as of the time of his death. Respondents answered the petition disputing the valuation of such interest and then filed a motion to compel arbitration. Petitioner opposed the motion and cross-moved to dismiss respondents' counterclaim for arbitration. By decision and order dated August 23, 2019, this court denied the respondents' motion to compel arbitration and dismissed respondents' counterclaim for mandatory arbitration. These motions followed.

Under SCPA 2103, a fiduciary may commence a proceeding showing that any property or the proceeds or value thereof which should be paid or delivered to him is in the possession or control of another (SCPA 2103(1)(a); *see also Matter of Elmezzi*, 124 AD 3d 886, 886 [2d Dep't 2015]). Property, as used in this section, is defined as any personal or real property in which decedent had any interest (*Id* at 887). The proceeding is likened to an action for conversion or replevin and the court's function is to determine if assets should be delivered to the petitioner (*Matter of Asch*, 164 AD3d 787, 788 [2d Dep't 2018]).

It is well-established that "[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence

to eliminate any material issues of fact from the case" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016]). The burden then shifts to the motion's opponent "to present evidentiary facts in admissible form sufficient to raise a genuine, triable issue of fact" (*Sumitomo Mitsui Banking Corp. v Credit Suisse*, 89 AD3d 561, 563 [1st Dept 2011], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). If there is any doubt as to the existence of a triable issue of fact, the motion for summary judgment must be denied (*O'Brien v. Port Auth. of N.Y. and N.J.*, 29 NY3d 27, 37 [2017], citing *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]).

In her motion for partial summary judgment, petitioner claims that the parties disagree as to the meaning of certain terms in section 11.1(a) of the Operating Agreement and seeks a court order interpreting the meaning of these terms. Petitioner argues that the parties' dispute regarding the definition of these terms is one for the court to decide, as a question of contract interpretation. However, the meaning of these terms is only relevant to the valuation of decedent's shares in Cogswell which is at the heart of this dispute. Thus, by way of this motion, petitioner seeks a court determination which would ultimately decide the value of decedent's interest in Cogswell.

In opposition, respondents argue that petitioner's interpretation of the relevant terms of the contract is flawed and contrary to the plain terms of the Operating Agreement. More importantly, however, respondents argue that the meaning of these terms and the valuation of decedent's shares in Cogswell is not for the court to decide. Rather, respondents argue that under the terms of the Operating Agreement, petitioner is now bound by Cogswell's determination of the purchase price.

The general principles of contract interpretation are well-established. "The fundamental, neural precept of contract interpretation is that agreements are construed in accord with the parties' intent and the best evidence of what parties to a written agreement intend is what they say in their writing" (*Donohue v Cuomo*, 38 NY3d 1, 12 [2022]). Extrinsic or parol evidence is generally

3

inadmissible unless the court finds an ambiguity in the contract (*Id* at 13). Consistent with these principles, "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Id*).

Here, section 11.1 of the Operating Agreement governs the terms of Cogswell's buy-out of a deceased member's interest in the company. This section prescribes the methodology for determining the value of these shares. It also provides that Cogswell's determination as to price "shall be final and binding upon the . . . representative [of the estate of a deceased member] unless [such representative] elects to contest such determination . . . by electing to pursue the arbitration remedies" set forth in the agreement within 30 days (Sarner Aff., Exh. 1).

On March 16, 2018, Cogswell delivered to petitioner its determination of the purchase price of decedent's membership interest in Cogswell, which it calculated as $272,034. It is undisputed that petitioner did not challenge this purchase price by pursuing the arbitration remedies set forth in the agreement. Indeed, petitioner did everything in her power to avoid arbitration, including successfully opposing respondents' motion to compel arbitration and then bringing the instant motion for partial summary judgment in which she seeks, under the guise of contract interpretation, a court determination as to the value of decedent's membership interest. As previously stated in this court's August 23, 2019 decision, petitioner had two options under section 11.1 of the Operating Agreement: either accept Cogswell's valuation or elect arbitration. Since petitioner did not elect arbitration, she is now bound, under the plain terms of the section 11.1(a) of the Operating Agreement, by Cogswell's determination of the purchase price (*see Island Cash Register v Data Terminal Services*, 244 AD2d 117, 120 [1st Dep't 1998] [dismissing wrongful termination claim where plaintiff failed to timely elect arbitration, which was the exclusive remedy to challenge termination]).

4

Petitioner argues that Cogswell's March 16, 2018 letter is a nullity because it was not sent within thirty days of decedent's death, as required by section 11.1(a) of the Operating Agreement and therefore the buy-out provisions of the contract should not control. However, petitioner fails to address section 10.4 of the Operating Agreement, which lays out the procedure for initiating the buy-out of a deceased member's interest in Cogswell (*see Teliman Holding Corp v VCW Associates*, 211 AD3d 499, 500 [1st Dep't 2022] ["In interpreting a contract, the court should adopt an interpretation which gives meaning to every provision of a contract."]). Under this section, petitioner was required to timely notify Cogswell of the appointment of a personal representative of the deceased member's estate and schedule a closing date. Petitioner did not notify Cogswell about a closing date until November 21, 2016, approximately two and a half months after decedent died. Thus, this is the relevant date for determining the timeliness of Cogswell's letter.

Petitioner's November 21, 2016 notice scheduled a closing date of March 21, 2017. As petitioner admits in her pleading, the parties subsequently agreed to extend the date of the closing to September 22, 2017. Prior to this deadline, the parties entered into a tolling agreement, which tolled all time-related defenses to enable the parties to negotiate the purchase price. Cogswell's letter was sent on March 16, 2018, the day the tolling agreement expired. Thus, petitioner's argument that Cogswell's valuation letter is a nullity because it was untimely is rejected.

Accordingly, it is

ORDERED that petitioner's motion for partial summary judgment is denied; and it is further

ORDERED that respondents' cross-motion for summary judgment is granted; and it is further

5

ORDERED that the parties shall settle decree; and it is further

ORDERED that the Clerk shall email the parties a copy of this decision and order.

Dated:   March ___, 2024

_____
S U R R O G A T E

To:

Jonathan G. Kortmansky, Esq.
Braunhagey & Borden LLP
7 Times Square, 27th Floor
New York, New York 10036
(646) 829-9403
kortmansky@braunhagey.com
*Co-counsel for Petitioner*

Marc L. Stern, Esq.
Sullivan & Worcester
1633 Broadway
New York, New York 10019
mstern@sullivanlaw.com
*Co-counsel for Petitioner*

Mark L. Deckman, Esq.
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4557
Mark.deckman@us.dlapiper.com
*Counsel for Respondents*